## ANTHONY HATCH *vs.* MOSES HAWKES.

Essex. January 3. — 28, 1879. COLT & ENDICOTT, JJ., absent.

A person, whose land is laid out under the St. of 1869, c. 237, by the selectmen of a town, as a gravel and clay pit, cannot, after claiming and accepting his indemnity in the manner pointed out in the statute, insist upon any informality in the proceedings laying out the land.

Under the St. of 1869, c. 237, § 1, authorizing cities and towns to lay out lots of land as "gravel and clay pits," and the taking therefrom of "earth and gravel necessary to be used in the construction, repair or improvement of the streets and ways," any earth, gravel or stones, suitable for the purpose mentioned, and capable of being dug out of the ground and removed by ordinary excavation, may be taken.

If a surveyor of highways takes stones from land laid out as a gravel and clay pit

under the St. of 1869, c. 237, and leaves some of the stones on the highway and some on adjoining land of the person whose land is so taken, the act, if not wantonly done, and if reasonably necessary and incidental to the convenient and proper use of the gravel pit for the purposes for which it was laid out, is not a conversion for which he is liable.

If the selectmen of a town, under the St. of 1869, c. 237, lay out land for a gravel and clay pit, and the owner, upon proceedings before the county commissioners for the assessment of damages, offers in evidence a claim for stones taken from the land, which is excluded, and he obtains judgment agains the town for the taking of "gravel" only, which judgment is satisfied, he cannot afterwards maintain an action for the conversion of the stones against the surveyor of highways of the town, who took and used them in the repair of the highway.

TORT for the conversion of a quantity of stone. Writ dated May 3, 1877. Answer: 1. A general denial. 2. That the defendant, at the time of the alleged conversion, was surveyor of highways for a certain district in Saugus; and that, in taking the stone, he was acting in his capacity as surveyor. At the trial in the Superior Court, before *Brigham*, C. J., without a jury, the following facts appeared:

In July 1870, and at the time this action was brought, the plaintiff was the owner of a tract of land in Saugus. At a legal meeting of the inhabitants of the town, held on July 6, 1870, pursuant to a warrant, one article of which was as follows, " To see if the town will accept the piece of land, as laid out by the selectmen, for gravel and other material for the use of the town, on land of Anthony Hatch," it was voted to accept the piece of land, as laid out by the selectmen, on Lincoln Avenue, belonging to Anthony Hatch, as follows: " We, the subscribers, selectmen of the town of Saugus, have laid out for the use of the town, for the purpose of procuring materials for the repairing of roads, &c., a certain piece of land on Lincoln Avenue, belonging to Anthony Hatch, as follows, viz.: beginning at a stake by the wall, on the easterly side of said avenue, near the Wiggin House, so called, thence, south 41½° west, 125 feet to a stake; thence, at right angles, 50 feet in an easterly direction; thence, at right angles, 125 feet to a stake; thence, at right angles, 50 feet to the stake first mentioned; the town to take such material as may be wanted for the above purpose down to the present grade of the road, or an average depth of fifteen feet, for the term of ten years. And we award to Anthony Hatch the sum of $150, to be paid by said town of Saugus."

The defendant, from June 1870 to the spring of 1877, was surveyor of highways in Saugus, within and for the district in which the land was situated, to which the above proceedings related. At least seven days before the above proceedings of the selectmen, a written notice of their intention to lay out said land, for the purpose of procuring materials for repairing highways, &c., was given to the plaintiff, and a plan of the land, with the above certificate of the selectmen, was filed in the office of the town-clerk.

The defendant, acting in his capacity of surveyor, from time to time between July 6, 1870, and the date of the writ, took gravel from the plaintiff's land, and within the limits described in the certificate of the selectmen, and used it in repairing the highways of the town within his district; and also took from said land stones varying in size from three inches to two feet in diameter, some of which were removed outside of the land and laid on the sides of Lincoln Avenue, and on the plaintiff's land, for the convenience of the defendant in getting access to and removing gravel from the land, and some of the stones were used in laying a foundation for gravel upon and in widening the highway, and a small quantity of the stones, not exceeding $10 in value, were given away to persons who removed them from the land.

The plaintiff contended that the defendant, under the proceedings of the selectmen and of the town, was authorized to take from the land gravel only; and, if authorized to take other materials from the land, to take them for the purpose only of repairing the highways. The judge found that the stones taken by the defendant were not within the ordinary meaning of the word "gravel," but were larger than "gravel," and were also not "earth," which the judge found to consist of particles of earthy matter smaller than "gravel;" but that they were, those of the smallest size unbroken and those of the largest size when broken, materials proper and customary to be used, and such as are ordinarily used, as a foundation for deposits of gravel thereupon, in constructing, widening and repairing highways.

At December term 1874 of the Superior Court, the plaintiff obtained judgment, which was satisfied, against the town, for $429.76, upon proceedings before the county commissioners for the assessment of damages for the laying out of his land by the

selectmen of Saugus, as above stated.   The judge found that the damages assessed at these proceedings were for gravel only; that, in a trial by jury upon his petition, the plaintiff offered in evidence his claim for stones taken from the land, which were the same stones for the taking of which by the defendant the plaintiff claimed damages in this action; and that such evidence was excluded.

The defendant asked the judge to rule as follows : " 1. Upon the above facts, the taking of the land by the selectmen was legal. 2. The plaintiff is estopped to deny the legality of the taking, by reason of his judgment, and the payment to him of his verdict. 3. Under said taking, the defendant was justified in taking the stones for repairing and widening the highways.   4. Under said taking, the defendant was justified in taking the said stones for widening said highway, although for the purpose of constructing and not repairing the same.   5. The term 'material' in said taking is coextensive in meaning with the terms ' earth and gravel ' in the St. of 1869, c. 237, and the stones alleged in the plaintiff's declaration are 'material' within the meaning of the taking, and are ' earth or gravel' within the meaning of the statute. 6. The plaintiff cannot maintain his action upon the present declaration for the stones which were never removed from his land, but which were taken from the land described in the taking and were placed by the roadside upon his adjoining land.   7. The fact, if it be one, that the plaintiff was not permitted to prove the value of the stones upon the trial of his petition for damages arising from the taking, cannot restrict the legal construction of the taking itself; and the terms of said taking and of the statute must receive the same construction, whether the rulings as to the measure of damages, or any other rulings in that proceeding, were right or wrong."

The judge refused to give the rulings requested; ruled that the action could be maintained; and found for the plaintiff, in the sum of $100.   The defendant alleged exceptions.

*C. F. Caswell*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff.

AMES, J.   It appears upon this bill of exceptions that the selectmen of Saugus, acting under the authority conferred by the St. of 1869, c. 237, § 1, had selected and laid out a lot of land in

that town, belonging to the plaintiff, as a gravel pit, for the purpose of procuring earth and gravel to be used in the repair of roads. The limits of this appropriation of the plaintiff's property were defined with sufficient precision, and the plaintiff has claimed and recovered his damages in the manner prescribed by the statute. The terms of the laying out by the selectmen were not literally the same as those used in the statute, but there was, in our judgment, no material variance; and even if there had been, it is too late for the plaintiff, after claiming and accepting his indemnity, to insist upon any informality in the proceedings.

The plaintiff brings this action upon the ground that, besides taking gravel from his land, which he admits that the town had a right to do, the defendant, acting as surveyor of highways for the town of Saugus, has taken away stones varying in size from three inches to two feet in diameter, not included under the description of gravel, and which for that reason, as he contends, the town had no right to appropriate. The judge, who tried the case without a jury, has found as a fact, that these stones were not within the ordinary meaning of the word "gravel," although they were materials proper to be used, and ordinarily used, some of them broken and some unbroken, as a foundation for deposits of gravel thereupon, in constructing, widening and repairing highways. And it was therefore ruled that the plaintiff could recover in this action the value of the stones so removed by the defendant.

The statute above referred to gives to the town the right to select and lay out lots of land " as gravel and clay pits, from which earth and gravel necessary to be used for the construction, repair or improvement of streets and ways " may be taken. The words " earth and gravel " are not defined in the statute; but they must be interpreted with reference to the preceding general phrase " gravel and clay pits," to the purpose for which such a right is to be exercised by the town, and to the use that is to be made of the material when taken. Whether, if upon trial the supposed gravel-bank should prove to be a solid ledge of rock, the town could lawfully proceed to remove it by drilling and blasting, is a question not now before us. We are clearly of opinion, however, that the town may take any earth, gravel or stones suitable for use in repairing and constructing roads, and capable of being dug out of the ground and removed by ordinary excavation. The

words "earth and gravel" are not to be taken with such extreme strictness as to require that the gravel should be screened, or that the question should be raised and decided judicially how large a pebble or movable stone must be, in order to cease to be included in the general description of "earth or gravel." We think it was an error, therefore, in the learned judge to hold that the plaintiff was entitled to recover anything in this action, for stones actually used by the defendant acting in behalf of the town in the repair or improvement of the roads.

As to the stones which were removed from the land and left, some by the roadside and some upon other land of the plaintiff, if this act was not wantonly done, but was reasonably necessary and incidental to the convenient and proper use of the gravel pit for the purposes for which it was taken, it was not a wrong for which the plaintiff in this action can recover damages. They were not converted by the defendant to his own use. Compensation for this claim, if recoverable at all, should have made a part of his damages in the proceeding before the county com missioners.

The fact that on the appeal from the county commissioners the plaintiff was not permitted to offer evidence of his claim for the stones taken from his land, would not, upon the view we have taken, furnish any valid reason for maintaining the claim here. He must be understood as having recovered in that process all that was claimable under it. If, at the trial, any mistake occurred in laying down the rule of damages, or in excluding evidence which should have been admitted, he should have tendered a bill of exceptions, in order to save his rights.

*Exceptions sustained.*