DANIEL BRANEY vs. INHABITANTS OF MILLBURY.

Worcester.   September 28, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Extra Work in Performance of Contract — Expert — Evidence.*

There is nothing in a contract which calls for the testimony of experts to aid in the interpretation of it, if the rights of the parties depend upon the construction of the contract taken as a whole in view of its several provisions, and not upon any unusual meaning to be given to a certain word therein.

In an action by a contractor to recover compensation for extra work in the construction of a road for a town, a letter of certain engineers to the contractor after the completion of the work, offered to change the construction of the contract, cannot be admitted, if the engineers were appointed to determine any question that might arise as to whether the contract had been properly completed, or as to the proper mode of doing the work while it was going on, but not to determine whether the contractor was entitled to extra pay for work that he did in the performance of the contract.

CONTRACT, to recover for extra work in the excavation of stones and boulders in the construction of a new road in the defendant town.   Trial in the Superior Court, without a jury, before *Dewey,* J., who found for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*B. W. Potter,* (*H. W. Aiken* with him,) for the plaintiff.

*J. W. Sheehan,* (*L. Cutting* with him,) for the defendant.

KNOWLTON, J.   In the paper which the plaintiff signed, his agreement is called the "Contract of building Howe Avenue," and the plans and specifications are referred to for a statement of the way in which the work is to be done.   The specifications are entitled "Specifications for building Howe Avenue in Millbury, Mass."   The first paragraph tells, in general terms, what the work consists of, namely, of the excavation of an estimated quantity of earth and the deposit of it so as to make the grade established by the profile, and a stone culvert along the brook at the lower end of the street, and the laying of a twenty-four inch drain pipe at the upper end of the street.   Then follow three divisions, the first entitled "Road," the second "Culvert," and the third "24' Drain," each division containing the specifications properly belonging to it.   After this is a paragraph

entitled " General," which states the intention of the specifications to be to cover the " work and its delivery to the town of Millbury fit for public use." The specifications for the construction of the road deal with the excavation, the width, the shape, the grade, and the material to be put on the surface, and state that it " is to be left in good condition for travel when the work is completed." It appears by the plaintiff's bill of particulars that the material necessarily to be excavated in order to build the road included " stones and rock," and there was evidence, which does not appear to have been contradicted, that the stones and boulders, for excavating which the action is brought, were plainly to be seen, and were seen by the plaintiff before the contract was made.

The price to be paid was a round sum for building the road, culvert, and drain, and in the specifications under the division " Road " there is a reference to the excavation of the " material," without anything to indicate that the rights or obligations of the parties under the contract were to be affected by the kinds of material which might be found in the excavation. We are of opinion that the contract calls for the construction of the road without reference to the question whether there is stone or rock in small or large quantities in the portion to be excavated. The only part of the contract that furnishes any ground for an argument to the contrary is the word " earth," used in stating generally the subject matter of the contract, and in giving the three divisions of it which are afterwards considered separately. It is evident that this is not used for the purpose of specifying a particular kind of material as distinguished from other kinds that are often found in excavations beneath the surface of the ground. Other parts of the contract, taken in connection with this, show that there was to be an excavation according to the plans and profile, and that there was no intention to contract in reference to any particular kind of material that might appear in making the excavation.

There is nothing in the contract that calls for the testimony of experts to aid in the interpretation of it. The rights of the parties depend upon the construction of the contract taken as a whole, in view of its several provisions, and not upon any unusual meaning given to the word " earth." The evidence of the

experts, offered to show that the words "earth excavation" as used in the contract did not mean "rock excavation," and that it is the custom of the trade in such cases for the contractor to receive extra compensation for such rock excavation as it is necessary to make in the execution of the contract when there is no specific agreement therein concerning the matter, was rightly excluded.

The court rightly ruled that the letter of the engineers to the plaintiff, stating the amount which they thought it fair for the defendant to pay for the extra work after it had been completed, could not change the construction of the contract. They were appointed to determine any question that might arise in regard to whether the contract had been properly completed, or in regard to the proper mode of doing the work while it was going on, but not to determine whether the plaintiff was entitled to extra pay for work that he did in the performance of the contract.                     *Exceptions overruled.*