Minshall, J.
In his first cause of action the plaintiff below sought to recover the balance, $365, due him upon a contract for making the excavations and putting in the foundation walls of a building, the defendant was then about to construct in Toledo. The answer discloses that it was done under a written contract, a copy of which was attached to her answer. This was admitted by the plaintiff. Under the contract he was to receive $9,365 for the entire work, and had received in payment, $9,000. The defendant claimed that the *568 work bad not been completed according to contract — that one of the walls had not been brought up to the required height, and that it would require great expense on her part, to complete it. This was denied ; but, on the trial, it appeared that the wall in question had not been brought up to the required height, by some ten or twelve inches, and that it would take some $200 to complete it. It was further maintained by the defendant, that no recovery could be had on this cause of action, because the plaintiffs had procured nocertifieatefrom the architect, as required by the contract, that the work had been completed to his satisfaction. It is admitted that this was not done; and the court refused to charge the jury that it was necessary.
The court properly charged the jury that the plaintiff could not recover on his first cause of action without showing a substantial performance on his part according to his contract. The law in this respect is stated with admirable clearness by Comstock, J., in Smith v. Brady, 17 N. Y., 173-190. He says : “There is, in a just view of the question, no hardship in requiring builders, like other men to perform their contracts in order to entitle themselves to payment, where the employer has agreed to pay only on that condition. It is true, that such contracts embrace a variety of particulars, and that slight omissions and inadvertences may sometimes very innocently occur. These should be indulgently regarded, and they will be so regarded by courts and juries. But there can be no injustice in imputing to the contractor a knowledge of what his contract requires nor in holding him to a substantial performance.” This does not conflict with the case of Kane v. Stone Co., 39 Ohio St., 1. Controlling effect was, in that case given to *569 the fact that Otis, the owner of the building had accepted it, and the variations seem to have been regarded of little consequence. Where there has been an honest effort on the part of the contractor to perform, and not a willful omission, substantial performance is all that is required. And the consequence of an omission, where there has been no willfulnes, may be saved by making a deduction from the contract price of the reasonable cost of what has been omitted. But this must be confined to very narrow limits, and to the cases where there has been an honest effort to perform. Allen v. Curles 6 Ohio St., 505 ; Goldsmith v. Hand 26 Id., 101; Kane v. Stone Co., supra. And see also I Beach Cont., section 111, and cases there cited.
But we think the court erred in its refusal to give the third instruction requested, nor was it in any way remedied in the general charge. In this the court was requested to instruct the jury, that if they found “from the evidence, that thb architect, Sturges, has never certified in writing that the work to be done was done to his satisfaction, then the plaintiff cannot recover on his first cause of action.” There is no claim that this was done, or that he was requested, and wrongly, or for any reason, refused to give such certificate; and the testimony of Sturges shows that he would not have done so, until the walls were brought to the height required by the contract. The contract provided for payment as the work progressed on estimates of the engineer, a certain per cent being retained until completion ; and that the final payment should be made within thirty days after the contract is completed, “provided that in each of said cases the architect shall certify in writing, that all the work upon the performance of which the payment is to become *570 due, has been done to his satisfaction.” Now, this has not been done by the architect, and there is nothing to show any waiver of it. Had the plaintiff shown that he had made application to the architect for the requisite certificate, and that he had obstinately and unreasonably refused to certify, he might then have established his case by other evidence. As said in Smith v. Brady supra. “The parties have seen fit to make the production of such certificate a condition precedent to the payment. The plaintiff is as much bound by this part of his contract as any other. It is not enough for him to bring his action and say he has completed the work which he undertook to do. He has agreed that the architects named should decide whether the work is completed or not. He cannot now withdraw the decision of this question from them and refer it to the determination• of a legal tribunal.” He might, however, as suggestedabove, on an averment supported by evidence that the architect had fraudulently or unreasonably refused his certificate, recover by showing a substantial performance of the work a,s required by the contract, but in the absence of such a showing against the architect, a recovery cannot be had without his certificate.
The most important question in the case so far as it depends upon the amount of the recovery sought, arises upon the second cause of action. This is upon an account for labor and materials furnished. If the under-pinning of the house on the west line of the walls and the lumber furnished and left in the trenches, were properly a .part of the work required to be done under the contract to make the excavations and construct the foundation walls of the building, or should be regarded as an addition, to that work, then the court *571 erred, in its charge to the jury, in saying that it-was not within the terms of the contract, and that if it was a benefit to the defendant and the work was done and the material furnished with her knowledge a recovery could be had on an implied promise to pay what the labor and materials were reasonably worth.
We think the under-pinning and the lumber furnished was part of the work to be done under the contract without additional compensation. By reference to the first clause in the contract, it will be seen that it required the contractor under the direction and to the satisfaction of the architect, todo all the work included in the “excavating,” “foundations,” “stonewalls,’’etc.,agreeably to the drawings and specifications, “including all labor and materials incident thereto. ” He was then to make the excavations and put in the foundations. No provisions were made for any unexpected difficulties in doing the work. He .undertook to do it, and was as familiar with the situation as the defendant. The proof showed that without underpinning the house and using the lumber, that was used, the excavations could not have been made nor the foundations constructed. They were therefore labor and material incident to the work. he had undertaken to perform, and for which, when completed to the satisfaction of the architect, he was to receive $9,365. In Stewart v. Cambridge, 125 Mass., 102, the plaintiff had undertaken by a written agreement to erect and complete the masonry of a building according to plans and specifications. These showed no requirements for piles, which, on the direction of the architect were putin by the contractor, and they sued the defendant to recover on an account for labor and material so *572 furnished. Morton, J.,said: “By the fair construction of this contract, the plaintiffs agreed to do all the work necessary to secure a solid foundation. They took the risk of its being necessary to drive piles in order to secure such foundations.”
But if it were otherwise, we are of the opinion that the plaintiff cannot recover ;• for, at least, the claim is for “additional work. ” And the ninth clause of the agreement provides that, ‘ ‘ The contractor shall make no claim for additional work unless the same shall be done in pursuance of an order from the architect, and notice of all claims shall be made to the architect in writing within ten days of the beginning of such work.” It is not claimed that this was complied with. It was not done in pursuance of an order of the architect, but because the excavations for the foundations could not otherwise be made; nor was any claim in writing made therefor at anytime. This is sought to be avoided by the claim that the architect told him that the defendant would pay him for it. Questions of this kind have arisen a number of times, calling for a construction of such agreements; and the courts have generally held that proof of a waiver of the requirement that the claim shall be in writing and allowed by the architect, can only be made by a writing, or by clear and convincing proof. The very object of the provision is to protect the employer against loosely made claims of the kind; and this case is a good illustration of the wisdom of the rule. The claim of the plaintiff that the architect told him he would be paid, is denied by the architect; who adds that if “I had done so, he would have it in writing.” In Stuart v. Cambridge, supra, a similar waiver was claimed on what the architect said. The court in review said: “We *573 are of the opinion that this evidence was rightly excluded. The written contract carefully provides that any additons to or deductions from the plans and stipulations shall be directed in writing byr the committee or architect, and that “it. is expressly agreed that no alterations or additions are to be paid for unless so directed in writing.” No evidence is offered of any waiver of this provision by the defendant or of any authority in the architect to waive it. The clause was intended to protect the defendant against claims for extra work under alleged oral directions or contract. If the evidence offered can be construed to show an oral promise by the architect, founded on a sufficient consideration, to pay for the work sued for as extra work, it was made without authority, and is not binding on the defendant.” To like effect, see Vanderwerker v. Railway Co., 27 Vt.,. 130-139. In O'Keefe v. St. Frances's Church, 59 Conn., 551, 561, the question arose whether there had been a waiver of the provisions of the contract as to compensation for extra work, the provision being similar to 'the one in this case, and there was evidence of an oral statement by the architect that the work should be paid for. The court said: “We suppose the law to be that the contract must control unless its provisions have been clearly waived. Some of the authorities maintain that there must be an express waiver; and all agree, or should agree, that nothing short of evidence of the most satisfactory character should be permitted to brush aside a contract which the parties have deliberately made. They have determined that certain things shall be proved only by written evidence. ■ To that extent that is the law of this case. It is the duty of the court to enforce that law unless it clearly *574 appears that the parties themselves have abrogated. it. ' Has it been thus abrogated ? The conditions of the contract we are now considering were inserted for the benefit of the owner. There is certainly no presumption that he has waived them. He and he alone, can waive them. No act or omission by the plaintiff will b.e of any avail. If the owner has intentionally relinquished a known right the plaintiff should be able to show it, either in express terms or by acts and' conduct equivalent thereto. Equivocal conduct, or conduct of doubtful import, is not sufficient.”. See, also Weeks v. O'Brien, 141 N. Y., 199; and 2 Beach on Contracts, section 1725.
There is ‘no doubt that where work is done for an individual that is a benefit to him, and he knows that the party doing the work expects to be paid for it, an implied obligation arises on the part of the party benefited to pay what it is reasonably worth. But that rule, and all the cases cited to that effect, are without applicatian here. In a case like this, where there is an express agreement in writing between the parties, the presumption is, that whatever is done that is fairly within the terms of the agreement, is done under and subject to it provisions; and the burthen is on the party making a claim for additional compensation on, a quantum meruit, to show that the work done is not within the terms of the agreement and was so understood by the party to be charged at the time the work was done.

Judgment reversed and cause remanded for a new trial.