THOMAS HOWARD & another *vs.* HARVARD CONGREGATIONAL SOCIETY & trustee.

Suffolk.    March 9, 1916. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Contract,* Construction, Building contracts.

In a building contract the contractor under the specifications relating to "Excavations" agreed to "remove all soil, earth and stones" from a designated area to a specified depth, and the owner agreed "to provide all labor and materials essential to the conduct of this work not included in this contract." When the cellar had been partly dug, a ledge of solid rock was discovered which it was necessary to remove in order to continue the work, and this ledge was removed by the contractor with the knowledge of the owner. In an action by the contractor against the owner to recover for the removal of this ledge as extra work outside the contract, it was *held,* that the material to be excavated by the contractor, which was limited to "soil, earth and stones," did not include the ledge of rock, the removal of which was the duty of the owner under the terms of the contract.

In the action above described it appeared that the contract between the plaintiff and the defendant provided that "No alterations shall be made in the work except upon the written order of the Architect; the amount to be paid by the Owner or allowed by the Contractors by virtue of such alterations to be stated in said order," and that the architect, although he orally had approved the excavation of the ledge as an extra, had given no written order for it. *Held,* that the excavation of the unforeseen ledge of rock could not be considered an alteration in the work, being a matter wholly outside the scope of the specifications of the contract, so that the provision above quoted did not apply to it and

there was no reason why the plaintiff should not recover compensation for the extra work thus done by him.

In the same action it was *held,* that it was immaterial that the defendant understood and supposed that the work of removing the ledge was done by the plaintiff as a part of the contract, the defendant as matter of law being bound to know and abide by the terms of the contract it had made.

CROSBY, J.  This is an action brought to recover a balance which the plaintiffs claim to be due upon a building contract, and presents the question, whether the removal from the cellar of a ledge of rock which was not discovered until the cellar had been partly excavated was required to be done by the plaintiffs under the specifications, which are a part of the contract.

The specifications, so far as material to this question, provide as follows:

"Excavations

"Remove all soil, earth and stones from an area about 64' 0" × 66' 0" to a depth of 10' — 6" below top of present old underpinning, to form a basement.  Also excavate trenches for drain to sewer in street, for a trench under piers and foundation walls; also for stairs and window areas; also for heater room and lavatories.  Excavate yard about edifice to a depth of 4' — 6" below top of present underpinning adjacent to new building.

"Retain sufficient quantity of the loam and grade about new building 6" deep.

"Remove all other excavations from the premises.

"Level cellar bottom ready for concrete."

It is to be noted that the material to be excavated by the contractors is limited to "soil, earth and stones."  These words, as used in this contract, do not include a ledge of solid rock.  The minute reference to "soil, earth and stones," words which have a somewhat definite significance in common understanding, excludes the large mass or ridge of rock usually referred to as ledge.

Under Article VIII of the contract, it is provided in part as follows:  "The Owner agrees to provide all labor and materials essential to the conduct of this work not included in this contract in such manner as not to delay its progress, and in the event of failure so to do, thereby causing loss to the Contractors, agrees that it will reimburse the Contractors for such loss."  The removal

of the ledge, made necessary in excavating for the cellar, was a labor that the defendant was required to perform under Article VIII.

It is agreed by the parties that "The plaintiffs upon the discovery of the ledge called it to the attention of the architect and claim that he thereupon decided the work of excavating the ledge was not included in the contract. If the architect made the said decision, it is admitted that he communicated such decision to the plaintiffs and directed performance of said work by the plaintiffs as an extra, but neither the architects nor the plaintiffs ever communicated to the defendant or any one acting for it such decision of the architect that the excavation of the ledge was not included in the contract, or that the plaintiffs claimed extra compensation for such excavation of the ledge until the presentation of their bill after the completion of the work."

It is further agreed that, whatever the architect did in the premises, he acted in good faith, and that no written order for the excavation of the ledge was given by him.

The jury found, in answer to questions submitted to them, that the plaintiffs did not have knowledge of the existence of the ledge at the time of the making of the contract; that they could have discovered its existence at that time by a reasonable examination of the premises; and that the architect decided that the excavation of the ledge was an extra which the plaintiffs were not required by the contract to perform.

It is also agreed "that at the time of the removal of the ledge, the defendant had actual knowledge that the same was being excavated by the plaintiffs, and although the members of the building committee of the defendant and the plaintiffs talked together at various times during the excavation, nothing was said by either party to the other concerning the excavation being an extra to the contract."

In view of the conclusion which we have reached as to the construction of the specifications relative to excavations, it follows that the architect was right in his determination that the removal of the ledge was not a part of the work which the plaintiffs were required to perform.

If the plaintiffs had been required, under the contract, to excavate for the cellar without reference to any particular kind of material that might appear under the surface of the earth in making

the excavation, then the principle stated in *Braney* v. *Millbury*, 167 Mass. 16, and in *Stuart* v. *Cambridge*, 125 Mass. 102, would apply.

The clause in the specifications that the contractors are to "Remove all other excavations from the premises" has no application to excavating the ledge, but relates to the removal of materials that have already been excavated.

As the plaintiffs removed the ledge, and as it involved labor which the defendant was obliged to perform or to furnish, the question remains whether the plaintiffs are entitled to recover therefor. The defendant contends that it is not liable, as no written order was given by the architect to the plaintiffs as required by Article III. This article stipulates, that "No alterations shall be made in the work except upon written order of the Architect; the amount to be paid by the Owner or allowed by the Contractors by virtue of such alterations to be stated in said order."

The removal of the ledge cannot be considered as an "alteration" in the work under Article III. This work was not originally contemplated by the parties but is to be treated as work wholly extra and entirely outside the scope of the contract, and so Article III is not applicable to this claim of the plaintiffs. *Casey* v. *McFarlane Brothers Co.* 83 Conn. 442. *Mahoney* v. *Hartford Investment Corp.* 82 Conn. 280.

If it be assumed, that the defendant understood that the work of removing the ledge was done by the plaintiffs under, and as part of, the contract, still it was bound as a matter of law to know the terms of the contract which it had entered into, and so is charged with knowledge that the plaintiffs were not required to excavate the ledge. *Norcross* v. *Wyman*, 187 Mass. 25. It is agreed that at the time the work was performed, the defendant had actual knowledge that the plaintiffs had removed the ledge, and that it assented thereto, and has received the benefits accruing therefrom.

From all these facts and the legitimate inferences therefrom, the judge of the Superior Court * was warranted in finding that the plaintiffs were entitled to recover for the extra work of removing the ledge. *Reid* v. *Miller*, 205 Mass. 80. *Boston* v. *Amadon*, 172 Mass. 84. *Westgate* v. *Munroe*, 100 Mass. 227.

---

* *Lawton, J.*

In accordance with the terms of the report, judgment is to be entered for the plaintiffs in the sum of $1,306.87, with interest from December 29, 1911, together with the taxable costs.

*So ordered.*

*T. C. Bachelder,* for the defendant.
*P. W. Carver,* for the plaintiffs.