ERNEST G. HODGKINS & another *vs*. CHARLES E. CURRIER
COMPANY.

Suffolk.    March 6, 1919. — April 1, 1919.

Present: RUGG, C. J., CROSBY, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract*, What constitutes.

A general contractor, a corporation, having in charge the erection of a building,
asked an elevator contractor to bid upon the installation of plunger elevators.
The elevator contractor submitted a bid in writing on a May 21, stating, "It
is understood that [if] in sinking the plunger we should strike any serious ob-
struction such as beams, solid rocks, foundations any other such materials, the
removing of the same will be billed to you at regular rates." There were no
further communications until September 21, when the general contractor
wrote to the elevator contractor, requesting him to call and stating that "con-
ditions at the building are now such that you can give an accurate figure."
After examination of the premises, the elevator contractor wrote to the general
contractor, submitting a lower figure than formerly, and the general con-
tractor replied accepting his "proposal to install . . . elevators . . . according
to plans and specifications by the architect . . . with all work guaranteed to
comply with the new State law." In digging two holes fourteen feet below the
level of the cellar, rocks and boulders, which were a "serious obstruction,"
were encountered, and a vice president of the general contractor, when sent for,
told the elevator contractor to "Go to it and get the rocks out." *Held*, that
the elevator contractor could not recover for getting out the rocks and boulders
beyond the contract price, because the provision for "extra compensation" for
that work was not in the contract as finally made.

It also was *held* that the direction of the vice president of the general contractor,
above described, did not affect the rights of the parties, as it merely directed
the elevator contractor to do what his contract required him to do.

CONTRACT for $205.23 for work and labor alleged to have been
done in the removal of boulders and stones in excavating for
an elevator plunger in the Winthrop High School building, the
declaration containing two counts, the first count being upon a
special contract and the second upon an account annexed. Writ
in the Municipal Court of the City of Boston dated July 13, 1917.

The material evidence at the trial in the Municipal Court is
described in the opinion. The defendant asked for the following
rulings among others:

"1. The request of the defendant contained in its letter of Sep-
tember 21, 1915, for 'an accurate figure,' and the plaintiffs' letter
of September 27, 1915, 'making the price of installing five hundred

and sixty eight dollars,' and the defendant's reply thereto, dated September 28, 1915, preclude the idea that any other or further charge for the work was contemplated by the parties."

"4. The evidence shows that the proposal contained in the plaintiffs' letter dated May 21st, was not accepted, but was tacitly rejected by the defendant, and formed no part of the contract subsequently entered into by the parties.

"5. The contract between the parties did not contemplate and did not include any liability of the defendant to pay anything additional to said sum of $568 for all of the work that was embraced in the contract."

"7. Upon all the evidence in the case, the plaintiffs are not entitled, as a matter of law, to recover, and the court is respectfully requested to find for the defendant."

The judge refused to rule as requested, found for the plaintiff and, at the request of the defendant, reported the case to the Appellate Division, who dismissed the petition. The defendant appealed.

P. B. *Buzzell,* for the defendant.

E. R. *Sparrow,* for the plaintiffs.

CROSBY, J. This is an action of contract to recover the cost of making an excavation for an elevator plunger installed in an addition to the High School building in Winthrop. The defendant was the general contractor, and sent a postal card dated May 14, 1915, to the plaintiffs inviting them to submit an estimate upon the work of furnishing and installing two plunger elevators in the building. The plaintiffs replied by letter dated May 21, 1915, proposing to do the work for the sum of $596. This letter contained the following: "It is understood that in sinking the plunger we should strike any serious obstruction such as beams, solid rocks, foundations any other such materials, the removing of the same will be billed to you at regular rates." There was no further communication between the parties until September 21, 1915, when the defendant wrote the plaintiffs as follows: "Will you kindly call and see us regarding the two hydraulic lifts in the Winthrop High School. We should like to arrange for this work with you if possible, and conditions at the building are now such that you can give an accurate figure."

The record recites that one Howard, vice president of the de-

fendant company, testified as follows: "'I saw Mr. Slack after I sent the letter of September 21st, and told him that we had dug cellar fourteen feet and he could go and see the place and perhaps could give a definite figure.' The witness further testified that he told Slack that he wanted a definite figure; that he had to figure everything he dug; that he had in the foundation, fourteen feet of the wall, and that he could see the formation. Mr. Slack testified as follows: 'I went to Winthrop and looked over the place where the work was to be done, and found I could perform the work with a considerable number of feet less piping than I first contemplated, equalling in money value $28.'" On September 27, 1915, the plaintiffs wrote the defendant as follows: "In reply to installation of two hydraulic Elevators at Winthrop High School, would say that after going over the grounds we will be able to shade our previous figures twenty eight dollars, making the price of installation Five Hundred Sixty Eight Dollars ($568.00). All work guaranteed to comply with the new State Law. Trusting to receive your valued order." On receipt of this letter the defendant wrote the plaintiffs as follows: "Your proposal to install two hydraulic elevators at the Winthrop High School, according to plans and specifications by the architect, Willard M. Bacon, with all work guaranteed to comply with the new State law, for the sum of Five hundred and sixty-eight ($568.00) dollars, is hereby accepted."

Thereafter the plaintiffs installed the two elevators. In doing the work it was necessary to dig two holes fourteen feet below the level of the cellar. In digging one of them rocks and boulders were encountered, and the plaintiffs stopped work and sent for Howard, who went to the building and told the plaintiffs' representative to "Go to it and get the rocks out." The plaintiffs removed the rocks and completed the work. They have been paid $568 by the defendant in accordance with the offer contained in the letter of September 27, and bring this action to recover for the extra work occasioned by the removal of the rocks and boulders, which the trial judge found were a "serious obstruction." The report contains all the material evidence, and the only question is whether the plaintiffs are entitled to recover for the extra work under the clause above referred to in the plaintiffs' letter of May 21.

The intention of the parties as shown by the evidence makes it plain as matter of law that the original proposal of the plaintiffs was not accepted; and that afterwards the defendant's work at the building had so far progressed that the plaintiffs were willing to submit a new proposal to do the entire work for $568. The defendant's letter of September 21 shows that it desired to receive an "accurate figure" for which the work could be done; and after a further examination of the premises the plaintiffs made the proposal which was finally accepted by the defendant. The undisputed facts show that the provision for extra compensation for the removal of any "serious obstruction," which was contained in the plaintiffs' letter of May 21, written more than four months before any contract was finally concluded, was not within the contemplation of the parties when the last offer was made and accepted. The work for which the plaintiffs now seek to recover manifestly was included in the final agreement, and must be held to have been so understood by both parties. The order of Howard to the plaintiffs' agent to remove the rocks does not affect the rights of the parties, as it merely directed the plaintiffs to do what was required of them under the contract.

The cases of *Cunningham* v. *Parks,* 97 Mass. 172, and *Thayer* v. *Burchard,* 99 Mass. 508, relied on by the plaintiffs, are not applicable to the case at bar, as the evidence shows that as matter of law the provision for extra compensation, referred to in the plaintiffs' first letter, was not included in the contract as finally made.

Under the contract the plaintiffs, for the price named, took the risk of encountering obstructions and agreed to do all the work necessary to install the elevators. *Stuart* v. *Cambridge,* 125 Mass. 102. *Braney* v. *Millbury,* 167 Mass. 16. See *Howard* v. *Harvard Congregational Society,* 223 Mass. 562, 565. The defendant's first, fourth, fifth and seventh requests should have been given. The order dismissing the report must be reversed and judgment entered for the defendant.

*So ordered.*