Milton **OWENS**, d/b/a The Owens Agency, Appellee,

v.

The **PENN MUTUAL LIFE INSURANCE COMPANY**, Penn Insurance and Annuity Company, Appellants.

No. 87–2561.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1988.

Decided July 12, 1988.

Rehearing Denied Aug. 16, 1988.

---

1. The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri.

Phillip Carroll, Little Rock, Ark., for appellants.

Byron Freeland, Little Rock, Ark., for appellee.

Before MAGILL, Circuit Judge, and BRIGHT and NICHOL,* Senior District Judges.

NICHOL, Senior District Judge.

The plaintiff Milton Owens, was employed by the defendants, The Penn Mutual Life Insurance Company and Penn Insurance and Annuity Company, as a general agent and manager in Little Rock, Arkansas. On January 1, 1986, the plaintiff resigned and opened The Owens Agency and began working for Home Life Insurance of

New York as the manager of its Little Rock office.

During plaintiff's employment with the defendants, he signed several general agent contracts, the last in 1981. Section II of that agreement concerns the amount of compensation due plaintiff after his termination from defendants' employment. The pertinent section for this case is Section 11(c), which provides in part:

SERVICE WITH ANOTHER COMPANY. If, within two years after termination of this agreement, General Agent shall become a * * * manager of another life insurance company * * * in a territory within 200 miles of the location of the agency office of [defendants] occupied by General Agent at the time of termination of this agreement, compensation payable to General Agent thereafter shall be only one-half of the compensation otherwise payable to him under Section 11 * * *.

Beginning in March 1986, defendants paid plaintiff only 50% of the post-termination compensation otherwise due, citing Section 11(c) of the contract for the reduction. The defendants enforced Section 11(c) because the plaintiff went to work for another company as a manager/general agent within the restricted geographical area.

The plaintiff filed suit in the Eastern District of Arkansas to collect full renewal commissions. In a trial to the Court, the District Court concluded that Section 11(c) was a covenant not to compete and that its practical purpose was to stifle competition. Thus, the provision of plaintiff's general agent contract was declared void and unenforceable. We disagree and reverse the District Court's ruling.

We agree with the District Court that the applicable contract provision was a covenant not to compete. Covenants not to compete are not favored by the law. Under Arkansas law, in order for such a covenant to be enforceable, three requirements must be met: (1) the covenantee must have

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

a valid interest to protect; (2) the geographical restriction must not be overly broad; and (3) a reasonable time limit must be imposed. *Duffner v. Alberty*, 19 Ark. App. 137, 718 S.W.2d 111, 112 (Ark.App. 1986); *Rebsamen Ins. v. Milton*, 269 Ark. 737, 600 S.W.2d 441 (Ark.App.1980). Section 11(c) had a 200–mile geographic restriction and was applicable for two years. We find that the geographic restriction was not overbroad, nor was the time limitation unreasonable. Thus, the only issue is whether there was a sufficient interference with defendants' business interest to warrant enforcement of the covenant.

Where the covenant grows out of an employment or other associational relationship, an interest sufficient to warrant enforcement of the covenant exists only where the covenantee provided special training, or made available trade secrets, confidential business information or customer lists, and then only if it is found that the associate was able to use the information so obtained to gain an unfair competitive advantage. *Duffner*, 718 S.W.2d at 112 (citing *Orkin Exterminating Co., Inc. v. Weaver*, 257 Ark. 926, 521 S.W.2d 69 (1975); *Rector–Phillips–Morse, Inc. v. Vroman*, 253 Ark. 750, 489 S.W.2d 1 (1973); *All–State Supply, Inc. v. Fisher*, 252 Ark. 962, 963, 483 S.W.2d 210 (1972); *Girard v. Rebsamen Ins. Co.*, 14 Ark.App. 154, 685 S.W.2d 526 (1985)). The validity of covenants not to compete depends upon the facts and circumstances of each particular case. *Evans Laboratories, Inc. v. Melder*, 262 Ark. 868, 562 S.W.2d 62 (1978).

In the present case, the plaintiff was with the defendant companies from 1972 to 1986. During that tenure, the plaintiff was given special training and was privy to confidential business information, including customer lists. Certainly, the defendants' list of policyholders was information the plaintiff was able to use in his new agency. During trial the defendants produced a list showing that during the first seven months of the Owens Agency, the plaintiff and his agents replaced sixty of Penn Mutual's policies. The contract provision at issue seems to have been drafted to protect exactly what happened with the plaintiff.

Under these facts, the plaintiff was not offering ordinary competition, but rather unfair competition. The plaintiff was able to use the information he obtained from his employment with the defendants to gain an unfair competitive advantage.

Also, it was offered that the plaintiff not only used his knowledge gained through defendants to entice clients, but also employees. As the defendants' general agent, the plaintiff was the manager of its Little Rock office, and as such, he hired, trained, and supervised the agents working in the field selling policies. When the plaintiff opened the Owens Agency, he took with him ten agents who worked for him when he was the defendants' general agent. A number of those agents contacted defendants' policyholders and sold them insurance with companies other than the defendants.

We hold that the defendants had a valid interest to protect, and that the contract entered into with the plaintiff was not unreasonable. *See, Girard*, 685 S.W.2d at 526. It simply withheld 50% of the compensation the plaintiff would have been paid had he not become the manager of another life insurance company within 200 miles of defendants' Little Rock office. This did not affect the renewal commissions the plaintiff was to receive on his personal sales. It only affected the renewal commissions attributable to policies sold by his soliciting agents. Also, the plaintiff should have known that the covenant existed when he left his position with defendants. The plaintiff is a sophisticated insurance businessman who knew or should have known exactly what the contract provided.

We find the District Court's conclusion that the practical purpose of Section 11(c) of the plaintiff's employment contract was simply to stifle competition, to be clearly erroneous. The contract provision is enforceable. Thus, we reverse the previous ruling and order that the defendants are only responsible for the compensation due according to the contract entered into with plaintiff in 1981.