FALMOUTH OB-GYN ASSOCIATES, INC. *vs.* RICHARD C. ABISLA.

Plymouth. December 6, 1993. - February 28, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Contract*, Employment, Agreement not to compete, Validity. *Doctor*, Employment. *Statute*, Construction. *Words*, "Any restriction."

A provision in an employment contract between a physician and a medical professional corporation that contained a "compensation for competition" clause, requiring the physician to compensate the corporation in the amount of $250,000 "liquidated damages" if he should engage in private practice of his specialty in a certain geographic area within two years of the conclusion of the term of the contract, was a covenant not to compete barred by the "any restriction" provision of G. L. c. 112, § 12X. [178-182]

CIVIL ACTION commenced in the Superior Court Department on June 21, 1991.

The case was heard by *Chris Byron*, J., on motions to dismiss, and entry of separate and final judgment was ordered by *James J. Nixon*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul R. Keane* for the plaintiff.

*Patricia Randall* for the defendant.

GREANEY, J. The plaintiff, Falmouth Ob-Gyn Associates, Inc., a professional corporation, brought suit in the Superior Court claiming that the defendant, Richard C. Abisla, a physician, formerly an employee of the plaintiff, had violated a covenant not to compete contained in his employment contract.[1] The defendant moved for dismissal of the complaint

---

[1]In addition, the complaint alleged interference with contractual relations and misappropriation of confidential information. These claims were

for failure to state claims on which relief could be granted, see Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), on the basis that G. L. c. 112, § 12X, inserted by St. 1977, c. 762,[2] bars inclusion of a covenant not to compete like the one in his employment contract. The defendant's motion was granted by a judge of the Superior Court, and the plaintiff appealed from the judgment dismissing its claims. We transferred the case to this court on our own motion. We affirm the judgment for the defendant.

The facts stated in the complaint, which are taken as true for the purpose of considering the defendant's motion to dismiss, see *Nader v. Citron*, 372 Mass. 96, 98 (1977), are as follows. In February, 1986, the plaintiff and the defendant entered into a written employment contract. The defendant was hired to provide obstetrical and gynecological care for patients of the plaintiff. The term of the agreement was for one year and seven months, subject to prior termination for reasons of disability, lack of qualifications on the defendant's

---

dismissed without prejudice by stipulation of the parties. The claim we deal with, concerning the violation of the covenant not to compete, was made the basis of three separate counts in the complaint.

The complaint also alleged that the defendant had engaged in unfair trade practices in violation of G. L. c. 93A (1992 ed.). The plaintiff appealed from the judge's dismissal of this claim, but has also failed to address the point. The plaintiff's appeal from its claim under G. L. c. 93A, therefore, is waived. See Mass. R. A. P. 16 (4), as amended, 367 Mass. 921 (1975). See also *Foley v. Lowell Sun Publishing Co.*, 404 Mass. 9, 11 (1989). In any case, appeal would have been fruitless. General Laws c. 93A does not apply to claims arising out of an employment relationship. *Manning v. Zuckerman*, 388 Mass. 8, 13-15 (1983).

[2]This statute reads as follows:

> "Any contract or agreement which creates or establishes the terms of a partnership, employment, or any other form of professional relationship with a physician registered to practice medicine pursuant to section two, which includes any restriction of the right of such physician to practice medicine in any geographic area for any period of time after the termination of such partnership, employment or professional relationship shall be void and unenforceable with respect to said restriction; provided, however, that nothing herein shall render void or unenforceable the remaining provisions of any such contract or agreement."

part, or by mutual agreement of the parties. The agreement was to be renewed automatically for succeeding terms of one year unless either party gave written notice, sixty days prior to expiration of the agreement, of an intention not to renew.[3]

The clause of the agreement in issue reads as follows: "It is agreed that if the employee, within Two (2) years of the conclusion of the term of this agreement, engages in the practice of Obstetrics and Gynecology other than as an employee of the [plaintiff] within Twenty-Five (25) miles of Falmouth, Barnstable County, Massachusetts, he will pay Two Hundred Fifty Thousand ($250,000) Dollars to the [plaintiff] within one (1) month of institution of practice thereof." The defendant began a practice in gynecology in Falmouth in July, 1988. He provides medical care to women he first saw as patients while he was an employee of the plaintiff.

The figure of $250,000 mentioned in the clause is described in the complaint as representing "valid and enforceable liquidated damages." The figure does not correspond to any ascertainable financial costs incurred by the plaintiff in, for example, subsidizing additional training for the defendant, or recouping the cost of equipment acquired in connection with any medical specialty in which he was engaged.

It is obvious that G. L. c. 112, § 12X, prohibits the imposition of a covenant not to compete on a physician who leaves an established practice. The plaintiff argues, however, that a compensation for competition[4] clause, which requires a departing physician to compensate his partners or employer by the payment of liquidated damages, is not a restrictive cove-

---

[3]A separate count in the complaint (Count I) alleged a violation of the employment agreement based on the defendant's failure to give sixty days' notice of termination. No argument has been made that this claim should not have been dismissed, if dismissal of the claim pertaining to the covenant not to compete was proper.

[4]The terms "compensation for competition" clause and "forfeiture for competition" clause, which accurately describe situations discussed in this opinion, are drawn from a recent article: Reece, Employee Non-Competition Agreements and Related Restrictive Covenants: A Review and Analysis of Massachusetts Law, 76 Mass. L. Rev. 2 (1991).

nant barred by the statute. It is the plaintiff's position that
G. L. c. 112, § 12X, was not designed to prohibit a medical
practice from protecting its patient base, and that $250,000
is a reasonable approximation of its loss of good will, where
actual damages are difficult to ascertain. We disagree with
the contention.

General Laws c. 112, § 12X, bars the imposition of "any
restriction" on the right of a physician to practice medicine
in a particular geographic area. The legislation plainly was
intended to abrogate, with respect to physicians, the common
law rule that an agreement not to compete, which is reasona-
ble in terms of geographic area and duration, is enforceable
by a former employer. See *All Stainless, Inc.* v. *Colby*, 364
Mass. 773, 778 (1974); *Sherman* v. *Pfefferkorn*, 241 Mass.
468, 474 (1922).[5] Although a statute in derogation of the
common law is usually strictly construed, see *Corcoran* v.
*S.S. Kresge Co.*, 313 Mass. 299, 303 (1943), "the construc-
tion adopted [of a statute intended to modify the common
law] should advance, rather than defeat, the purpose of the
Legislature." *Vallin* v. *Bondesson*, 346 Mass. 748, 753
(1964), quoting *Houghton* v. *Dickinson*, 196 Mass. 389, 391
(1907). See *Sterilite Corp.* v. *Continental Casualty Co.*, 397
Mass. 837, 841 (1986); *International Org. of Masters* v.
*Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*,
392 Mass. 811, 813 (1984).

We are directly concerned with the meaning to be given to
the term "any restriction" in G. L. c. 112, § 12X. A term
employed in a statute should be afforded its customary
meaning, taking into account the legislation's purpose and
history. See *Commonwealth* v. *One 1987 Mercury Cougar
Auto.*, 413 Mass. 534, 537-538 (1992); *Sterilite Corp.* v.
*Continental Casualty Co.*, *supra* at 839. Generally, a "re-

---

[5]It seems probable that G. L. c. 112, § 12X, enacted in 1977, was a
legislative response to an Appeals Court decision, *Middlesex Neurological
Assocs., Inc.* v. *Cohen*, 3 Mass. App. Ct. 126 (1975), in which the court
enforced a covenant restraining a physician from practicing medicine in a
particular geographic area for two years after termination of his employ-
ment agreement.

striction" is a condition that limits one's freedom to engage in certain activities. Webster's Third New Int'l Dictionary 1937 (2d ed. 1959). A "[r]estrictive covenant" is a clause in a contract of partnership or employment which "limit[s] a contracting party after termination of the contract in performing similar work for a period of time and within a certain geographical area." Black's Law Dictionary 1315 (6th ed. 1990).

It is true that a compensation for competition clause like the present one does not constitute an absolute bar to a physician's ability to practice in a particular location. However, we have recognized that an agreement requiring forfeiture of deferred compensation (or, as in this case, requiring compensation in the form of liquidated damages) if a former employee competes with his former employer imposes the same "inhibitory effect on present and former employees," *Cheney* v. *Automatic Sprinkler Corp. of America*, 377 Mass. 141, 147-148 n.7 (1979), as does an agreement absolutely barring competition by a former employee. *Id.* at 147-148. See *Kroeger* v. *Stop & Shop Cos.*, 13 Mass. App. Ct. 310, 312-313 (1982); *Wilson* v. *Clarke*, 470 F.2d 1218, 1221-1222 (1st Cir. 1972) (applying Massachusetts law). We think the broad term "any restriction" in G. L. c. 112, § 12X, was intended to encompass an agreement having a significant "inhibitory effect" on a physician's ability to practice in a particular geographic area, and that a liquidated damages clause imposing what is, in substance, a penalty of $250,000 in the event that a physician practices in a geographic area near his former employer, obviously has such an inhibitory effect.

A majority of the cases from other jurisdictions brought to our attention support our conclusion that a compensation for competition (or a forfeiture for competition) clause is, in effect, a restriction on a physician's ability to practice in a particular geographic area. In *McCray* v. *Cole*, 259 La. 646, 654-656 (1971), the Supreme Court of Louisiana concluded that a liquidated damages clause, enforceable if the defendant practiced as a psychologist within two years of leaving

the plaintiffs' employment in the parish where his former employers were located, violated Louisiana's statutory prohibition against noncompetition agreements.[6] In States which do not have a statutory provision governing covenants not to compete, courts recognize that compensation for competition (as well as forfeiture for competition) clauses obviously constitute restrictions on an individual's right to work, but enforce them if reasonable. See *Owens* v. *Penn Mut. Life Ins. Co.*, 851 F.2d 1053, 1054-1055 (8th Cir. 1988) (applying Arkansas law); *Dental East, P.C.* v. *Westercamp*, 423 N.W.2d 553, 555 (Iowa Ct. App. 1988); *Food Fair Stores, Inc.* v. *Greeley*, 264 Md. 105, 114-117 (1972). See also *Club Properties, Inc.* v. *Atlanta Offices-Perimeter, Inc.*, 180 Ga. App. 352, 353-355 (1986) (liquidated damages clause restricting lessee's ability to hire lessor's employees amounted to covenant not to compete, enforceable only if reasonable).[7]

---

[6] A number of States have broadly applicable statutory restrictions governing covenants not to compete. D.J. Aspelund & C.E. Eriksen, Employee Noncompetition Law § 9.01 (1987 & Supp. 1992). Two States, Colorado and Delaware, have statutory provisions barring covenants not to compete in physician employment contracts or partnership agreements. See Colo. Rev. Stat. § 8-2-113(3) (1986); Del. Code Ann. tit. 6, § 2707 (1993). The Colorado and the Delaware statutes explicitly provide that agreements which require the payment of damages related to competition on termination of an employment or partnership agreement of a physician are enforceable. General Laws c. 112, § 12X, of course, lacks comparable language. See note 2, *supra*. This court may not read into a statute a provision which the Legislature has omitted, whether the omission is deliberate or inadvertent. *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 839 n.3 (1986).

[7] In *Dobbins, DeGuire & Tucker, P.C.* v. *Rutherford, MacDonald & Olson*, 218 Mont. 392, 394-396 (1985), the Supreme Court of Montana concluded that a compensation for competition clause contained in an accountant's employment contract did not violate the State's statutory prohibition against contracts in restraint of trade. See Mont. Code Ann. § 28-2-703 (1993). The court concluded that the statute only prohibited unreasonable restrictions on the restraint of trade, and concluded that the compensation for competition clause at issue was reasonable, and, therefore, enforceable. In view of the purpose of G. L. c. 112, § 12X, the reasoning in *Dobbins* is not persuasive on the scope of the Massachusetts statute.

As do this court's disciplinary rules in the case of lawyers, G. L. c. 112, § 12X, makes a choice between competing policies.[8] The statute favors "[t]he strong public interest in allowing [patients] to [consult the physician] of their choice," *Meehan* v. *Shaughnessy*, 404 Mass. 419, 431 (1989), over any benefit to the medical profession or individuals of permitting noncompetition covenants. The plaintiff does not dispute that the figure of $250,000 in the compensation for competition clause represents liquidated damages designed to protect its good will (meaning principally its patient base). As has been noted, the liquidated damages clause, if enforced, would protect the plaintiff's interests by discouraging the defendant from practicing in or around Falmouth, in competition with the plaintiff, for two years. Thus, the clause, if enforced, almost certainly would deny to women in Falmouth the option of continuing to receive medical care from the defendant. For the reasons expressed, such a result contravenes the purpose of the Legislature, as expressed in G. L. c. 112, § 12X. We conclude that G. L. c. 112, § 12X, requires dismissal of the claim against the defendant, based on the compensation for competition provision in his employment contract.

*Judgment affirmed.*

---

[8]*Supreme Judicial Court Rule 3:07, Canon 2, DR 2-108 (A), as appearing in 382 Mass. 773 (1981), provides:

"A lawyer shall not be a party to or participate in a partnership or employment agreement with another lawyer that restricts the right of a lawyer to practice law after the termination of a relationship created by the agreement, except as a condition to payment of retirement benefits."