Thomas H. WHELAN, Plaintiff,

v.

INTERGRAPH CORPORATION, Defendant.

Civ.A. No. 94–11102–RCL.

United States District Court, D. Massachusetts.

June 22, 1995.

**16**

Mark T. Collins, Boston, MA, for plaintiff Thomas H. Whalen.

Ilene Robinson, Louis A. Rodrigues, Sullivan & Worcester, Boston, MA, for defendant Intergraph Corp.

## MEMORANDUM AND ORDER

LINDSAY, District Judge.

Oft expectation fails, and most oft there Where most it promises.[1]

This action raises the question whether, in the circumstances presented, there can be redress for the failure of an expectation of lifetime employment.

Following the termination of his employment by the defendant, the plaintiff brought this action in the Middlesex (Massachusetts) Superior Court. It was removed to this court pursuant to the court's diversity jurisdiction.[2] The plaintiff has asserted the following claims: breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), intentional interference with employment contract (Count III), intentional interference with advantageous economic relations (Count IV), fraudulent misrepresentation (Count V), and unfair and deceptive trade practices (Count VI).

The defendant has moved to dismiss the entire complaint on the ground that it fails to state claims upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The plaintiff assents to the dismissal of counts III and IV, but opposes the motion as to counts I, II, V and VI. Upon consideration of the arguments for and against granting the motion as

---

**1.** William Shakespeare, *All's Well That Ends Well*, act 2, sc. 1.

**2.** The plaintiff is a resident of Massachusetts. The defendant is a Delaware corporation. By their citation to Massachusetts law, both parties concede that Massachusetts law applies to this dispute. *Evergreen v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95, n. 5 (1st Cir.1993).

to the remaining counts, the court has determined that the motion should be granted.

■ On a motion to dismiss, all factual allegations in the plaintiff's complaint must be taken as true. *Garita Hotel Ltd. Partnership v. Ponce Federal Bank F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). A motion to dismiss should be granted only if the plaintiff can prove no set of facts that would entitle him to relief on any of his claims. *Id.* The following allegations, then, are taken as true for the purposes of the present motion.

*Facts*

In the spring of 1992, the plaintiff was employed as a salesman for a high-tech firm, Cadence Systems, that competed with the defendant in the area of electronic design automation. During that spring, the defendant engaged the services of various professional recruiters to recruit a New England district manager for the defendant's Dazix division. The plaintiff was identified as a potential candidate, and efforts were made to recruit him. The plaintiff was told by the defendant's representative that if he signed on with the defendant he would receive annual compensation in excess of $110,000, and that he would be a key employee in the defendant's multi-year plan to surpass Cadence Systems and others in market share in the Northeast region. The plaintiff was also told that he would be making a career move, and that he could count on a long-term commitment from the defendant. On March 31, 1992, the defendant extended an offer of employment to the plaintiff. The plaintiff accepted the defendant's offer of employment and terminated his employment with Cadence Systems. On or about September 9, 1992, the defendant unilaterally terminated the plaintiff's employment.

*Count I: Breach of Contract*

The first count of the complaint alleges that the representations made to the plaintiff during the recruitment process constituted an offer of lifetime employment, giving rise to a claim for breach of contract following his termination. The defendant argues that, because the alleged contract of lifetime employment was not in writing, it is barred by the statute of frauds.

The Massachusetts Supreme Judicial Court has held, however, that an oral promise of permanent employment *may* be enforceable.

The statute of frauds 'applies only to contracts which by their terms cannot be performed within the year. It does not apply to contracts which may be performed within, although they may also extend beyond, that period.' *Doherty v. Doherty Ins. Agency, Inc.*, 878 F.2d 546, 551 (1st Cir. 1989), *quoting Rowland v. Hackel*, 243 Mass. 160, 162, 137 N.E. 265 (1922). Because [the plaintiff's] contract was for permanent employment, it could have been performed within one year: [the plaintiff] could have died or [the defendant] could have discontinued its business, at which point its obligation to employ [the plaintiff] would end.

*Boothby v. Texon, Inc.*, 414 Mass. 468, 608 N.E.2d 1028, 1035–36 (1993).

■ The statute of frauds will thus not defeat an otherwise enforceable oral contract for lifetime employment. The court turns, then, to the question of what constitutes an offer of lifetime employment.

In *Boothby*, the plaintiff, while being recruited by the defendant, told the defendant that he was very concerned about job security. The plaintiff informed the defendant that he had almost 100% job security with the firm from which the defendant hoped to lure him. Moreover, in order to accept employment with the defendant, the plaintiff had to relocate with his family from Thailand to Massachusetts. The plaintiff told the defendant that he would not accept employment with the defendant unless he had "absolute security." In response, the plaintiff was told that "should he accept the position, [he] would spend the rest of his working career" with the defendant. *Boothby*, 608 N.E.2d at 1032. The plaintiff was also told, in writing, that he would have "an essentially permanent opportunity to spend the rest of [his] professional career in the so-called civilized side of the world." *Id.* at 1031.

The *Boothby* court cited *Carnig v. Carr*, 167 Mass. 544, 46 N.E. 117 (1897), for the

standard in determining whether an offer of lifetime employment has been extended:

> To ascertain what the parties intended by 'permanent employment,' it is necessary to consider the circumstances surrounding the making of the contract, its subject, the situation and relation of the parties, and the sense in which, taking these things into account, the words would be commonly understood.

*Boothby,* 608 N.E.2d at 1034.

The court found that Texon's representations to Boothby provided sufficient evidence to get to a jury on the question of whether those statements constituted an offer of lifetime employment. *Boothby,* 608 N.E.2d at 1035.[3]

The *Boothby* court discussed another case in which it had held that an employee who was told he was hired to fill a "permanent vacancy" could later be discharged at any time. *Campion v. Boston & Maine R.R.,* 269 Mass. 579, 169 N.E. 499 (1930). The court distinguished *Campion* on the grounds that there "the facts and circumstances surrounding the advertisement of the permanent vacancy [did] not lead to the conclusion that 'permanent' meant lifetime but rather to the conclusion that 'permanent' meant 'not temporary.'" *Boothby,* 608 N.E.2d at 1035.

Courts, applying Massachusetts law, have found the following statements insufficient to create a contract for lifetime employment: that the employee had a "promising future" and that "his experience with the division might be a nice way to end his business career" (*Gregory v. Raytheon Service Company,* 27 Mass.App.Ct. 1170, 540 N.E.2d 694, 695 (1989)); and that the employee had "secure and continuing employment" (*Treadwell v. John Hancock Mut. Life Ins. Co.,* 666 F.Supp. 278, 286–87 (D.Mass.1987).

■ In the case now before this court, the plaintiff's claim that the defendant extended to him a lifetime contract is grounded on the following statements made to the plaintiff by the defendant: (1) that the plaintiff would be "a key employee in the defendant's multi-year plan to surpass Cadence and others in market share in the Northeast region"; (2) that "this was a career move"; and (3) that "the plaintiff could count on a long term commitment from Intergraph." The plaintiff alleges no other facts that support the interpretation that these statements, made during the recruitment process, were intended as an offer of lifetime employment. Without more, however, these statements do not reach the level of an explicit assurance constituting an offer of lifetime employment.

Representations that the plaintiff would be "a key employee" and that he would be making a "career move" by accepting employment with the defendant, contain no promise of permanence. These statements are no more binding than the representation that the acceptance of employment would be "a nice way to end a business career," a statement that did not create a permanent employment relationship under Massachusetts law. *Gregory v. Raytheon Service Company,* 27 Mass.App.Ct. 1170, 540 N.E.2d 694, 695 (1989). Rather, these statements are " '[m]ere speculative expression[s] of opinion and hope' that can not and [do] not create contractual liability." *Sullivan v. Mass. Mut. Life Ins. Co.,* 802 F.Supp. 716, 722 (D.Conn.1992) (*quoting Riley v. Cameron and Colby, Inc.,* 1987 WL 17537 at 2 (D.Mass.1987)).

The statement that "the plaintiff could count on a long term commitment from Intergraph" may suggest more than a mere expression of hope. Even so, however, it falls short of an enforceable promise of lifetime employment. The problem is that the statement is too vague and open-ended to constitute an offer of such employment. A promise of a long term commitment is no more definite than an assurance of "secure and continuing employment," which has been held not to constitute a permanent offer. *Treadwell v. John Hancock Mut. Life Ins. Co.,* 666 F.Supp. 278, 286–87 (D.Mass.1987).

---

**3.** After a first jury determined that a lifetime offer had been extended, and found for the plaintiff on his breach of contract claim, the judge denied a motion for judgment notwithstanding the verdict, but allowed a motion for a new trial. A second jury also concluded that a lifetime offer had been extended, and the judge in the second trial entered judgment for the plaintiff. The Massachusetts Supreme Judicial Court upheld that judgment.

Unlike the situation in *Boothby*, where the defendant explicitly assured the plaintiff of an offer of "essentially permanent" employment, all of the statements here are too indefinite to create a lifetime employment relationship. The complaint thus fails to state a claim for breach of contract.

*Count II: Breach of the covenant of good faith and fair dealing*

■ As an at-will employee, the plaintiff's employment could be terminated by the defendant at any time and for any or no reason. *Fortune v. Nat'l Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977). Massachusetts courts have recognized a claim for breach of the covenant of good faith and fair dealing, however, where the reason for an employee's discharge is contrary to public policy, or where the plaintiff is owed compensation for past services. *Cort v. Bristol–Myers*, 385 Mass. 300, 431 N.E.2d 908, 910 (1982).

■ The plaintiff here does not allege that he was terminated for reasons contrary to public policy. In fact, he points to no reason for his discharge. Nor does he allege that he is owed compensation for past services. He thus has failed to articulate a claim for breach of the covenant of good faith and fair dealing.

*Count V: Fraudulent Misrepresentation*

As noted above, Count V alleges fraudulent misrepresentation. The defendant has moved to dismiss this count on the grounds that the plaintiff has failed to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure, and that he has failed to allege that the defendant had no intention of carrying out its promises to him at the time they were made.

■ The plaintiff has indeed failed to meet the particularity requirements of Rule 9(b).

■ Rule 9(b) of the Federal Rules of Civil Procedure states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake should be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." The major purpose of the rule is to give the defendant adequate notice of the claim of fraud. *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 288 (1st Cir.1987). To that end, Rule 9(b) requires, first, that a plaintiff state the time, place and content of the alleged false statement(s). *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226 (1st Cir.1980).

■ Here, the plaintiff has alleged the specific content of the statements that he claims were made fraudulently to induce him to terminate his employment with Cadence Systems and accept employment with the defendant. The gist of those statements was that the plaintiff would be making a "career move" and that he could expect a "long-term commitment" from the defendant. The complaint, however fails to identify the time or place at which these statements were made. The plaintiff attempts to correct this deficiency in his opposition to the motion to dismiss, however, by identifying the source of these statements as John Pagano, the national sales manager of the defendant's Dazix division, and by stating that these representations were made to him by Pagano "prior to April 20, 1992," the date on which plaintiff was hired by the defendant. The plaintiff offers no more specific information as to when or where those statements were made, and because more than "prior to April 20, 1992" is required, he has not met the time, place, and content requirements of Rule 9(b).[4] *Hoffman v. Optima Systems, Inc.*, 683 F.Supp. 865, 869 (D.Mass.1988).

---

4. While "federal courts must be liberal in allowing parties to amend their complaints." *Hayduk v. Lanna*, 775 F.2d 441 (1985), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the First Circuit has held that, in the absence of a request for leave to amend, dismissal with prejudice is not an abuse of discretion. *Romani v. Hutton*, 929 F.2d 875, 878 (1st Cir.1991) ("[W]ith neither an express request to the district court for leave to amend nor any indication that successful amendment is possible, we have no basis on which to upset the district court's exercise of discretion.")

The plaintiff has made no request for leave to amend; nor does he suggest that an amendment would cure the failure to plead fraud with particularity. What he proffers, by way of particularity, in his opposition to the motion to dismiss, as noted, is not sufficient; and there is no other indication by the plaintiff that he can cure the particularity deficiency.

In addition to meeting the time, place and content requirements, the First Circuit has held that Rule 9(b) requires that a plaintiff, must also allege facts to support his belief that the defendant acted with fraudulent intent.

> [A]llegations based on 'information and belief' ... do not satisfy the particularity requirement unless the complaint sets forth the facts on which the belief is founded. Furthermore, this requirement of pleading supporting facts applies 'even when the fraud relates to matters peculiarly within the knowledge of the opposing party.'

*New England Data Services, Inc., v. Becher,* 829 F.2d 286, 288 (1st Cir.1987), quoting *Wayne Inv. v. Gulf Oil Corp.,* 739 F.2d 11, 13 (1st Cir.1984).

 The complaint here alleges only that the defendant's statements were false at the time they were made, and that the defendant knew that they were false. He offers no factual basis for these allegations. "Where allegations of fraud are explicitly or, as in this case, implicitly based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." *Romani v. Hutton,* 929 F.2d 875, 878 (1st Cir.1991). The complaint must set forth "specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." (*Greenstone v. Cambex Corp.,* 975 F.2d 22, 25 (1st Cir.1992).

Here the plaintiff alleges no specific facts as to the defendant's knowledge. Instead he asks that the court infer fraudulent intent from the fact that the plaintiff's employment was terminated just five months after it commenced. He cites *Hoffman v. Optima Systems, Inc.,* 683 F.Supp. 865 (D.Mass.1988) for the proposition that an inference of fraudulent intent may be drawn from the defendant's termination of his employment after five months. *Hoffman,* however, is distinguishable, because there the defendant had failed to fulfill a specific promise that it had made.

In *Hoffman,* the plaintiff brought a claim of fraud based on his employer's alleged nonperformance of the employment contract. The plaintiff alleged that the employer had fraudulently induced him to resign from his position with his former employer and to enter into an employment relationship with the defendant company. The inducement was made by *specific* promises, including a promise by the defendant that the plaintiff would be paid both a salary and given an 18% equity ownership interest in the defendant company. The plaintiff received neither the promised salary nor the promised equity interest. In denying the defendant's motion to dismiss a claim of fraud, Judge Young stated:

> [w]hile a mere failure of promised performance normally does not permit a factual finding that the defendant never intended to perform the promised act.... the trier of fact would surely be permitted to draw such an inference of scienter from the abject failure of performance ... fraudulent intent may certainly be inferred from the defendants' promises and subsequent failure to perform.

*Hoffman* 683 F.Supp. 865, 868 (D.Mass.1988).

In light of the court's determination—discussed earlier in this memorandum—that the statements made to the plaintiff were merely intended as hopeful expressions and were too vague to constitute promises of permanent employment, the defendant's actions do not constitute a "failure to perform," as the court found in *Hoffman.* There is thus no basis from which to infer fraudulent intent.

By failing to produce factual support for his allegation that the defendant acted with fraudulent intent, the plaintiff has failed to meet the Rule 9(b) pleading requirements for a claim of fraud, and this claim must be dismissed. *Romani v. Hutton,* 929 F.2d 875, 878 (1st Cir.1991).

*Count VI: Unfair/Deceptive Business Practices*

 Massachusetts courts have held that M.G.L. c. 93A does not apply to disputes arising out of an employment relationship.

> [W]e believe that the Legislature did not intend [c. 93A] to cover employment contract disputes between employers and the employees who work in the employer's organization, nor to disputes between mem-

bers of that organization arising out of the employment relationship. Although the statutory language is not without ambiguity, we interpret the reference in § 11 to unfair or deceptive acts committed by "another person who engages in any trade or commerce" to refer to marketplace transactions and not to claims arising from the ordinarily cooperative circumstances of the employment relationship between an employee and the organization of which he is a member.

*Manning v. Zuckerman,* 388 Mass. 8, 444 N.E.2d 1262, 1265 (1983), *quoting Slaney v. Westwood Auto, Inc.,* 366 Mass. 688, 322 N.E.2d 768 (1975). *See also Falmouth Ob–Gyn Assoc., Inc. v. Abisla,* 417 Mass. 176, 629 N.E.2d 291, 292 (1994).

The plaintiff cites *Weeks v. Harbor National Bank,* 388 Mass. 141, 445 N.E.2d 605 (1983), as leaving open the possibility that a claim arising out of the *hiring* process may fall within c. 93A. In *Weeks,* the court reaffirmed the holding in *Manning* that no cause of action could be brought under c. 93A in a dispute between an employer and an employee. In a footnote, the court noted that the plaintiff had also asserted a c. 93A claim arising out of the hiring process.

> In his complaint, Weeks also alleged that Harbor committed unfair or deceptive acts or practices in the hiring process. However, the jury in their answers to the special questions found that Weeks suffered no damages from any misrepresentation made by Harbor in the hiring process, and this precludes any relief under c. 93A, § 11, since damages are an essential element of the cause of action.

*Id.* at 607, n. 2.

The plaintiff relies entirely upon this footnote for the proposition that the court should recognize a c. 93A claim in the context of an employer's recruitment process. While the Supreme Judicial Court's language does not explicitly foreclose the possibility that such a cause of action might exist, it does not go so far as to approve such a claim. Rather, the court stated only that the absence of damages arising from the employer's misrepresentation in the hiring process precluded a claim under c. 93A in that case. In the

absence of explicit language supporting a c. 93A claim in the context of the recruitment of a prospective employee and in the absence of any Massachusetts authority recognizing such a claim, it would not be appropriate for this court to do so. The court concludes, therefore, that the plaintiff has not stated a cause of action under M.G.L. c. 93A.

*Conclusion*

The plaintiff has agreed to the dismissal of Counts III and IV of the complaint. As discussed above, none of the remaining counts states a claim for which the plaintiff is entitled to relief under Massachusetts law. The defendant's motion to dismiss the entire complaint is therefore allowed. Judgment shall enter for the defendant.

So ordered.