Zobel, J.
MEMORANDUM
A physician employed by a corporation agrees in writing (“the Agreement”) that, for three years after the employment ends, she
will not solicit any person who is or becomes a patient of the Corporation during [the period of employment and the three subsequent years], nor suggest, request or direct that any such patients request that medical records be copied or otherwise removed or transferred from any office of the Corporation . . .
The Agreement contains no reference to any geographical area.
On June 12, 1997, the Corporation writes to the physician’s patients:
. . . [Effective July 12, 1997, [the physician] will no longer be associated with [the corporation] ... If you have any questions or if we can be of service to you in any way, please feel free to call [the corporation’s operations manager].
On June 19, 1997, the physician sends her patients a letter which states, in relevant extract:
I would love to have you continue with my practice. Any of my patients who wish is welcome to do so
*139 ... If you wish to stay with me, please fill out the enclosed request for a transfer of your medical record and return it to the [corporation’s] office. They will forward a copy of your medical record to my new Melrose office ... I hope to see you at my new practice.
The issue for decision is: Does the agreement preclude the physician’s taking as patients some 500 individuals whom she treated while employed by the corporation?
The June 19 letter was clearly a solicitation and a suggestion that the addressees request their medical record from the corporation, all in plain violation of the agreement’s noncompetition language.
Controlling here, however, is a statute, G.L.c. 112, §12X:
Any contract or agreement which . . . includes any restriction of the right of [a] physician to practice medicine in any geographic area for any period after the termination of [employment like that involved here] shall be void and unenforceable with respect to said restriction . . .
The corporation argues that the statute applies only to noncompetition agreements which hamper the physician’s practicing in a particular “geographic area.” Because the instant agreement says nothing on this score, the argument goes, the statute does not touch it.
Were that position correct, it would mean that a restriction like the present, which is facially worldwide, escapes the statute, while an agreement limiting itself to, say, a particular town (or even a particular street) would fall. This does not honor the spirit or the language of the legislation.
The statute seeks to empower patients to follow physicians of their choice, and not to inhibit physicians’ ability to practice. In today’s world, the ability to practice includes the ability to solicit business, and certainly the ability to obtain a patient’s medical records.
Falmouth Ob-Gyn Associates, Inc. v. Abisla, 417 Mass. 176, 180 (1994), does not contradict this view. The reference there to “a particular geographic area” stemmed from the language of the agreement under consideration. It did not hold that an agreement which is geographically silent binds the physician.
ORDER
Accordingly, it is Ordered, that Defendant’s Motion for Summary Judgment be, and the same hereby is, Allowed; and it is
Further Ordered, that Plaintiffs Motion for Summary Judgment be, and the same hereby is, Denied; and it is
Further Ordered, that Judgment enter forthwith, as follows: Complaint Dismissed, with prejudice.