**Robin FLOWERETTE, Plaintiff,**

v.

**HEARTLAND HEALTHCARE CENTER a/k/a Health Care and Retirement Corporation of America, Defendant.**

No. 3–95–CV–1858–BD.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 7, 1995.

Jay Rutherford, Jackson & Walker, L.L.P., Fort Worth, Texas, for Plaintiff.

Matt Dow, Small, Craig & Werkenthin, P.C., Austin, Texas, for Defendant.

## MEMORANDUM OPINION AND ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff Robin Flowerette has filed a motion to remand this case to state court. For the reasons stated in this memorandum order, the motion is granted.

### BACKGROUND

Plaintiff sued her former employer, Heartland Healthcare Center a/k/a Health Care and Retirement Corporation of America, in the 134th Judicial District Court of Dallas County, Texas. The original petition was filed on February 15, 1995. Plaintiff stated that she was terminated as "retaliation ... for her action in seeking worker's compensation, and other benefits to which she was entitled and/or due to [her] disability ..." (Plaintiff's Original Petition ¶ 6). She further alleged that the defendant "intentionally violated the law by unlawfully terminating [her] based upon her disability" and "to prevent her from recovering disability benefits and employee benefits she was entitled to recover." (Plaintiff's Original Petition ¶ 8, 10). The only statute referenced in the petition is chapter 451 of the Texas Labor Code.[1] Plaintiff asserted state law claims for: (1) breach of the implied covenant of good faith and fair dealing; (2) intentional infliction of emotional distress; (3) fraud or negligent misrepresentation; and (4) breach of contract. Defendant filed a general denial on March 10, 1995. The parties exchanged written discovery and defendant filed a motion for partial summary judgment. The state court case was set for trial on September 18, 1995.

Plaintiff filed an amended petition on August 11, 1995. She deleted her claim for intentional infliction of emotional distress and asserted a cause of action under the Americans With Disabilities Act, 42 U.S.C.

---

1. Section 451.001 of the Texas Labor Code provides, in relevant part, that:
   A person may not discharge or in any other manner discriminate against an employee because the employee has:
   (1) Filed a worker's compensation claim in good faith;
   (2) Hired a lawyer to represent the employee in a claim;
   (3) Instituted or caused to be instituted in good faith a proceeding under [the Texas Worker's Compensation Insurance Act]; or
   (4) Testified or is about to testify in a proceeding under [the Texas Worker's Compensation Insurance Act].
   TexLabor Code Ann. § 451.001 (Vernon 1995).

§ 12101, *et seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* Defendant filed a notice of removal on August 22, 1995. The removal notice states that "[p]rior to the actual assertion of the [ADA and ERISA] claims in the first amended petition, no federal claims or federal questions were presented in this case." (Notice of Removal ¶ 2). Plaintiff filed a motion to remand on September 19, 1995. She contends that removal is not timely because the defendant was placed on notice of the federal claims in her initial pleading. Specifically, plaintiff argues that her original petition "alleged both that she had been retaliated against due to her attempts to collect disability benefits provided by an employee benefits plan sponsored by [defendant], and had been discriminated against on the basis of her disability." (Motion to Remand at 3). Plaintiff seeks an order remanding this case to state court and the costs of removal. Defendant has filed a response and plaintiff has submitted a reply brief. This matter is now ripe for determination.

### APPLICABLE LAW

A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States ..." 28 U.S.C. § 1441(b). The procedure for removal is governed by 28 U.S.C. § 1446. Ordinarily, a case must be removed within thirty days after the initial pleading is received by the defendant. 28 U.S.C. § 1446(b). However, the statute further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant .. of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

■ The analysis of this statute is controlled by the well-pleaded complaint rule. The rule provides that "a properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. National Union Fire Insurance Co.,* 876 F.2d 1157, 1160–61 (5th Cir.1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990), *citing Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). However, some actions may be removed even if the well-pleaded complaint rule has not been satisfied. *Williams,* 482 U.S. at 392–93, 107 S.Ct. at 2430; *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). The preemptive force of certain federal statutes is so great that they convert otherwise ordinary state law claims into federal claims. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987) (ERISA case). A plaintiff cannot avoid federal jurisdiction by "artful pleading" if a state law claim is preempted by federal law. *See Pointer v. Crown Cork & Seal Co., Inc.,* 791 F.Supp. 164, 166 (S.D.Tex.1992).

### DISCUSSION

■ Plaintiff did not specifically mention the ADA or ERISA in her initial pleading. However, a close examination of the petition reveals that the substance of her claims are federal in character. The original petition recites that "defendant has intentionally violated the law, by unlawfully terminating plaintiff based upon her *disability* or defendant's perception of [her] disability." (Plaintiff's Original Petition ¶ 8) (emphasis added). This clearly states a violation of the ADA.[2] Plaintiff further alleges that "defendant has intentionally violated the law by terminating [her] employment to prevent her from recovering disability benefits and *employee benefits* she was entitled to recover." (Plaintiff's

---

**2.** Section 102 of the Americans With Disabilities Act of 1990 provides, in relevant part, that:

No covered [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

Original Petition ¶ 10) (emphasis added). This implicates the provisions of ERISA.[3]

Defendant relies on two Fifth Circuit cases to show that the original petition could not have been removed to federal court. *Rozzell v. Security Services, Inc.*, 38 F.3d 819 (5th Cir.1994); *Burks v. Amerada Hess Corp.*, 8 F.3d 301 (5th Cir.1993). In *Rozzell*, plaintiff sued the defendant for retaliatory discharge under the state worker's compensation laws. Plaintiff further stated that he was fired "in an attempt to willfully deprive [him] of compensation and benefits of [his] job ..." This allegation was contained in a separate paragraph seeking punitive damages. The district court held that the claim was preempted by ERISA and removal was proper because the computation of damages necessitated reference to the employee benefit plan. The court of appeals disagreed. The court noted that plaintiff made no independent claim that denial of his benefits was illegal under state law. Rather, the loss of benefits was merely an element in damages related to a claim for wrongful discharge. *Rozzell*, 38 F.3d at 823.

The *Rozzell* court distinguished its prior decision in *Burks*. In that case, plaintiff alleged that he was "fired immediately upon his return to work from being off due to an on-the-job injury, *and further* his employer denied his long-term disability benefits. The defendants' *actions* constitute an intentional infliction of emotional distress." *Burks*, 8 F.3d at 304 (emphasis in original). The district court held that the emotional distress claim did not arise from a denial of benefits and remanded the case to state court. The court of appeals reversed. The court concluded that plaintiff had asserted two different claims—one based on his termination and the other based on his denial of benefits. Federal jurisdiction was proper because:

> The preemption clause in ERISA preempts all state laws that relate to ERISA plans. A state cause of action for emotional distress arising from the denial of employee benefits determines when an employer can and cannot terminate an employee's benefits.
>
> This is not a case in which the loss of benefits is merely an element in damages related to a claim for wrongful discharge. Burks' complaint expressly says that—independently of the wrongful discharge—his denial of benefits is illegal under state law.

*Burks*, 8 F.3d at 305.

■ This is a close question. However, the facts of this case are more analogous to *Burks* than *Rozzell*. Plaintiff alleged separate and distinct claims in her original petition. Some of these claims are based on the state worker's compensation laws. Other claims implicate the ADA and ERISA.[4] Plaintiff specifically alleges that "defendant has intentionally violated the law by terminating [her] employment to prevent her from recovering disability benefits and *employee benefits* she was entitled to recover." This is not a case in which the loss of benefits is merely an element of damages related to her wrongful termination. The original petition expressly states that the denial of benefits violated the law. *See Burks*, 8 F.3d at 305.

## CONCLUSION

Plaintiff's original petition satisfies the well-pleaded complaint rule and the complete preemption doctrine. Defendant was re-

---

3. Section 510 of the Employee Retirement Income Security Act of 1974 provides, in relevant part, that:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which the participant may become entitled under the plan ... 29 U.S.C. § 1140.

4. Defendant correctly notes that the ADA is cumulative of state laws and plaintiff was entitled

to avoid federal court by the claims she chose to litigate. *See* 42 U.S.C. § 12201(b); *Cedillo v. Valcar Enterprises & Darling Delaware Co., Inc.*, 773 F.Supp. 932, 934 (N.D.Tex.1991). However, no such option exists for claims that are preempted by ERISA. The original petition alleges that plaintiff was terminated "to prevent her from recovering disability benefits and *employee benefits* ..." This cause of action clearly "relates to" an employee benefit plan and is preempted by federal law. 29 U.S.C. § 1144(a); *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1017 (5th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 2456, 124 L.Ed.2d 671 (1993).

quired to file a notice of removal within thirty days after the initial pleading was received. This case was not removed until six months later when plaintiff filed her first amended petition. Accordingly, the notice of removal is untimely and this action should be remanded to state court.

Plaintiff also seeks reasonable costs and attorney's fees incurred as a result of the removal. 28 U.S.C. § 1447(c). The propriety of removal is central to the determination of whether to impose fees. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993). The Court cannot conclude that the defendant acted improperly in this case. This entire issue could have been avoided had plaintiff specified the statutory basis for her claims in the original petition. The request for costs and attorney's fees is therefore denied.

**SO ORDERED.**