Elena LOPEZ

v.

WAL–MART STORES, INC. et al.

No. CIV.A.G–00–393.

United States District Court, S.D. Texas, Galveston Division.

Aug. 23, 2000.

Jim S Adler, Houston, TX, John M O'Quinn, O'Quinn Kerensky et al, Houston, TX, Russell Thomas Lloyd, O'Quinn & Laminack, Houston, TX, for Elena Lopez, plaintiffs.

Terri Truitt Griffiths, Mayer Brown & Platt, Diana L Davis, Mayer Brown & Platt, Houston, TX, for Wal–Mart Stores, Inc., a Delaware Corporation, Sams Club, an operating segment of Wal–Mart Stores, Inc., Sam's East Inc, Joe Cabrerra, Andy Flores, defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

Plaintiff Elena Lopez, a former employee of Defendant Wal–Mart Stores, Inc., originally filed suit in the 23rd Judicial District Court of Brazoria County, Texas, seeking, among other things, unspecified statutory penalties for the alleged failure to comply with applicable wage laws and

damages for allegedly unpaid wages. Asserting the existence of federal question jurisdiction, Defendants timely removed to this Court on July 10, 2000.

Now before the Court is Plaintiff's Motion To Remand, filed July 27, 2000. For reasons set forth in more detail below, Plaintiff's Motion is **GRANTED.**

### Removal of FLSA Actions

■■■ "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of the which the district courts have original jurisdiction, may be removed by the defendant or defendants..." 28 U.S.C. § 1441(a)(emphasis added). The propriety of removal is governed by the "well-pleaded complaint rule," which looks to the plaintiff's complaint to determine whether the pleading raises issues of federal law sufficient to support federal question jurisdiction. *See Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 336 (5th Cir. 1999). However, it is well settled that a court is not bound by the labels Plaintiff uses to describe his cause of action. Instead, under the "artful pleading doctrine", the court is bound to look beyond the labels and examine the substance of the complaint to determine if it states a claim which arises under federal law. *See In Re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980) ("[T]he accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law."); *Amoco Chem. Co. v. Tex Tin Corp.,* 902 F.Supp. 730 (S.D.Tex.1995).

Defendants contend that Plaintiffs have inadvertently pleaded a claim under federal law. For example, Defendants argue that Plaintiff's prayer for "statutory penalties" invokes relief which is *only* available under federal law, specifically the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"). Plaintiff responds by arguing

that the relief prayed for is available under Texas state law, and thus the face of the Complaint does not reveal the existence of federal question jurisdiction.

For purposes of ruling on Plaintiff's Motion To Remand, the Court will assume that Defendants are correct: Plaintiff has prayed for relief which is only available under the FLSA. Unfortunately for Defendants, this assumption does not automatically make Plaintiff's claims removable, because the removal statute provides that certain actions are removable "[e]xcept as otherwise expressly provided by Act of Congress..." 28 U.S.C. § 1441(a)(emphasis added).

■■ The relevant portion of the FLSA provides that an action for an FLSA violation "may be *maintained* ...in any Federal or State court of competent jurisdiction..." 29 U.S.C. § 216(b)(emphasis added). "The word 'maintain' arguably carries the connotation that an action may not only be commenced but also carried on to conclusion." *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 862 (W.D.Pa.1976). But if the word "maintain" is understood as giving the Plaintiff a right to both *institute* a suit in state court, and also carry that suit *to its conclusion,* then § 216(b) of the FLSA constitutes the sort of express bar to removal contemplated by 28 U.S.C. § 1441(a).

For more than fifty years, the federal courts have been divided on the question of whether the presence of the word "maintain" in the FLSA precludes the removal of such suits. Cases rejecting removal include: *Johnson v. Butler Bros.,* 162 F.2d 87 (8th Cir.1947); *Esquivel v. St. Andrews Constr.,* 999 F.Supp. 863 (N.D.Tex.1998); *Pauly v. Eagle Point Software Co., Inc.,* 958 F.Supp. 437 (N.D.Iowa 1997); *Bintrim v. Bruce–Merilees Elec. Co.,* 520 F.Supp. 1026 (W.D.Pa. 1981); *Haun,* 420 F.Supp. at 859; *Carter v. Hill and Hill Truck Line, Inc.,* 259 F.Supp. 429 (S.D.Tex.1966) and *Wilkins v.*

*Renault Southwest, Inc.,* 227 F.Supp. 647 (N.D.Tex.1964).

Other decisions permit removal of an FLSA claim. *See Cosme Nieves v. Deshler,* 786 F.2d 445 (1st Cir.1986); *Winebarger v. Logan Aluminum, Inc.,* 839 F.Supp. 17 (W.D.Ky.1993), and *Ramos v. H.E. Butt Grocery Co.,* 632 F.Supp. 342 (S.D.Tex. 1986).

The Fifth Circuit, while recognizing this split of authority, has expressly declined to rule on the question of whether the word "maintain" precludes removal of an FLSA action. *See Baldwin v. Sears, Roebuck,* 667 F.2d 458, 461 (5th Cir.1982) ("The question of removability of FLSA actions is not before us, and we do not attempt to address that issue."). Because there is no binding Supreme Court or Fifth Circuit on this point, the Court is free to decide the issue.

It appears to the Court that the better reasoned line of authority is that which reads the word "maintain" as precluding removal. The word "maintain" plainly implies that a plaintiff is given a right to not only *institute* a suit in state court, but to *keep it there* until a final judgment is rendered, despite defendant's desire to remove it to a federal court. "Maintain . . . is usually applied to actions already brought, but not yet reduced to judgment. In this connection it means to continue or preserve in or with; to carry on." BLACK'S LAW DICTIONARY 953 (6th ed.1990); *see also Esquivel,* 999 F.Supp. at 864. If Congress merely meant that a plaintiff may *institute* a suit in state court, there is far more apt language available to express that intention. *See, e.g.,* 15 U.S.C. §§ 1681–1681t (providing that an action under the Fair Credit Reporting Act "may be brought" in a district court or other court of competent jurisdiction.); *Esquivel,* 999 F.Supp. at 865.

The Court concludes that even if Defendants are correct that the face of Plaintiff's Complaint reveals the existence of federal question jurisdiction, Plaintiff's disguised FLSA claims are not removable. Conse-

quently, Plaintiff's Motion To Remand is **GRANTED,** and this action is hereby **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas. All Orders and Injunctions relating to discovery and preservation of evidence **REMAIN IN FORCE,** and the Court retains **PLENARY JURISDICTION** to enforce these Orders, until such time as they are altered by a competent court of record upon remand. The parties are **ORDERED** to file no further motions on these issues in this Court, including motions to reconsider or the like. *Any* and *all* further relief shall be sought from the appropriate. Texas state court. The parties are also **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**