Greg **HURT**, et al., Plaintiffs,

v.

**DEL PAPA DISTRIBUTING CO., L.P.**, Defendant.

No. CIV.A.G–03–733.

United States District Court, S.D. Texas, Galveston Division.

Jan. 15, 2004.

Michael H. Johnston, Sullins Johnston et al., Houston, TX, for Plaintiffs.

Robert Michael Moore, Attorney at Law, Houston, TX, for Defendant.

## *ORDER DENYING PLAINTIFFS' MOTION TO REMAND*

KENT, District Judge.

This case comes before the Court on removal from the 23rd Judicial District Court of Brazoria County, Texas. Plaintiffs Greg Hurt, Michael Chad McAlister, Charles Ray Purvis, Jr., Gregory De La O, and Raymond Paul Horton (collectively "Plaintiffs") allege that Defendant Del Papa Distributing Company, L.P. ("Del Papa") unlawfully failed to pay Plaintiffs overtime wages for time worked over forty hours. Plaintiffs now file their Motion to Remand. For the reasons stated below, Plaintiffs' Motion is hereby respectfully **DENIED**.

### I. Background

Del Papa is a wholesale distributor of Anheuser Busch products for the State of Texas. Plaintiffs worked for Del Papa at various times. Plaintiff Charles Ray Purvis, Jr., is still employed by Del Papa. Plaintiffs allege that, at all times after September 1999, Del Papa failed to pay them overtime wages for hours worked in excess of forty hours per week.

On August 30, 2002, Plaintiffs filed their Original Petition in the 23rd Judicial District Court of Brazoria County, Texas. The Original Petition stated claims for breach of contract, fraud, and conspiracy in connection with Del Papa's alleged failure to pay overtime wages. Plaintiffs' First Amended Petition, filed on August 15, 2003, added Plaintiff Raymond Paul Horton. On September 10, 2003, Plaintiffs filed their Second Amended Petition, which, in addition to the previously asserted state law claims, asserted a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

On September 12, 2003, Defendant filed its Notice of Removal, asserting that this Court had original jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. On October 2, 2003, Plaintiffs filed their Motion to Remand, to which Defendant timely responded. Plaintiffs advance two arguments in support of their Motion to Remand: (1) that FLSA claims are not removable; and (2) even if FLSA cases are removable, Defendant failed to timely remove this case.

### II. Legal Standard

Absent an express provision to the contrary, a defendant may remove a state-court action to federal court only if the suit could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Defendant alleges, in its Notice of Removal, that this case comes within the Court's federal question jurisdiction. Congress has provided the federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331. Generally, the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429 (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936)). If the plaintiff's well-pleaded complaint does not show that federal law creates the plaintiff's right of action, federal question jurisdiction may exist if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers*

*Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). This exception to the well-pleaded complaint rule applies when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir.2003), *cert. pending,* No. 03–542 (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)).

III.  Analysis

*A.  Removability of FLSA Claims*

In support of their first argument, Plaintiffs submit that section 216 of the FLSA prohibits removal of FLSA claims. Section 216 provides, in relevant part, that actions to recover overtime wages may be "maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees." 29 U.S.C. § 216(b).  In a previous case under the FLSA, this Court held:

> The word "maintain" plainly implies that a plaintiff is given a right to not only *institute* a suit in state court, but to keep it there until a final judgment is rendered, despite defendant's desire to remove it to a federal court. . . . If Congress merely meant that a plaintiff may *institute* a suit in state court, there is far more apt language available to express that intention.

*Lopez v. Wal–Mart Stores, Inc.,* 111 F.Supp.2d 865, 867 (S.D.Tex.2000).  Plaintiffs conclude that, because the current case is identical to *Lopez,* removal was not proper, and the case must be remanded.

■ Defendant offers a terse reply to Plaintiff's argument on this point: Plaintiffs are simply wrong.  Defendant cites *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003), a unanimous Supreme Court decision holding that § 216 does not prohibit removal of FLSA cases.  While Plaintiff's argument was valid under the prior law of this Court and a number of Circuit Courts, *see Lopez,* 111 F.Supp.2d at 866–67 (noting the substantial division among federal courts on the question of removal under the FLSA and citing cases), the Supreme Court's decision in *Breuer* leaves no doubt that defendants may remove FLSA cases to federal court.

*B.  Timeliness of Removal*

■ Plaintiffs maintain that, even if FLSA claims are removable, Defendant failed to timely remove this case.  Generally, a case must be removed within thirty days of receipt of the pleading or service of summons.  *See* 28 U.S.C. § 1446(b).  If the case is not removable based on the initial pleading, however, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable."  *Id.* Plaintiffs base their argument of untimely removal on two separate theories:  (1) Plaintiff's Original Petition implicitly brought a claim under the FLSA; and (2) Plaintiffs' First Set of Interrogatories and First Request for Production clearly indicated that Plaintiffs were asserting claims under the FLSA.

*1.  Implicit FLSA Claims*

Plaintiffs maintain that, while their Original Petition did not expressly state a claim under the FLSA, it "satisfied the well-pleaded complaint rule for such an action." Motion to Remand at 6.  Plaintiffs cite *Flowerette v. Heartland Healthcare Ctr.,* 903 F.Supp. 1042 (N.D.Tex.1995), for the proposition that a plaintiff may state a federal claim without express mention of a

violation of federal law. In *Flowerette,* the plaintiff's original petition stated that "defendant has intentionally violated the law, by unlawfully terminating plaintiff based upon her disability" and "defendant has intentionally violated the law by terminating [her] employment to prevent her from recovering disability benefits and employee benefits she was entitled to recover." *Id.* at 1044. Although the *Flowerette* plaintiff's original petition did not specifically mention the ADA or ERISA, the court determined that the Complaint stated a federal claim because the plaintiff specifically stated that the defendant violated the law by denying employee benefits, thus implicating ERISA. *Id.* at 1045. Because the original complaint stated a federal claim, the time limit for removal began on the date it was filed, and defendant's removal six months thereafter was untimely. *Id.*

Plaintiffs appear to draw from *Flowerette* a general rule that, if a plaintiff's complaint "implicates" federal law, the complaint states a federal claim and is therefore removable. This argument rests on a fundamental misunderstanding of federal question jurisdiction. Most telling in this regard is Plaintiffs' conclusion that "Plaintiffs' Original Petition satisfied the well-pleaded complaint rule." Motion to Remand ¶ 18. The well-pleaded complaint rule provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. Although *Flowerette* stated, curiously, that the plaintiff satisfied the well-pleaded complaint rule, its decision regarding removability was based on the complete preemption doctrine, an *exception* to the well-pleaded complaint rule.

Complete preemption occurs when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003), *cert. denied,* 540 U.S. 1104, 124 S.Ct. 1044, 157 L.Ed.2d 889, 2004 WL 46651 (Jan. 12, 2004) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)). The Supreme Court has held that complete preemption applies to state-law claims within the scope of ERISA's civil enforcement provision. *See Metro. Life Ins. Co.,* 481 U.S. at 66, 107 S.Ct. at 1548 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."). The civil enforcement provision applies to all state laws that "relate to" an employee benefit plan under ERISA. *See* 29 U.S.C. § 1144(a). The *Flowerette* court recognized that "the ADA is cumulative of state laws and plaintiff was entitled to avoid federal court by the claims she chose to litigate." *Flowerette,* 903 F.Supp. at 1045 n. 4. The court also noted, however, that "[n]o such option exists for claims that are preempted by ERISA." *Id.* In short, because the *Flowerette* plaintiff stated a claim for the denial of employee benefits, her claim fell within ERISA's civil enforcement provision; therefore, her claim for employee benefits necessarily raised a federal question.

■ Unlike *Flowerette,* Plaintiffs' Original Petition did not implicate the complete preemption doctrine. Plaintiffs do not cite, nor is the court aware of the existence of, authority for the proposition that FLSA claims are subject to complete preemption. Nor does Plaintiffs' Original Petition state a FLSA claim under the well-pleaded complaint rule. Federal claims are conspicuously absent from the face of Plaintiffs' Petition. Plaintiffs chose, rather, to avoid federal law, just as the *Flowerette* plaintiff

did with her ADA claim. Because Plaintiffs' Original Petition stated claims exclusively under state law, and because Plaintiffs' claims do not implicate the complete preemption doctrine, Plaintiffs' Original Petition did not state a federal claim and therefore provided no basis for removal.

### 2. Notice of FLSA Claims

■ Plaintiffs claim, in the alternative, that their Interrogatories and First Request for Production provided sufficient notice of removability to trigger the time limits of § 1446. Because Defendant did not remove the case within thirty days of receipt of these discovery materials, Plaintiffs argue, they failed to comply with the removal deadlines.

Accepting for present purposes that discovery materials may qualify as "other papers" and thus trigger the removal deadlines, see *Hines v. AC & S, Inc.*, 128 F.Supp.2d 1003, 1006 (N.D.Tex.2001) (citing cases), the events underlying the present litigation demonstrate that the Parties' communications during discovery do anything but establish notice of FLSA claims. In their First Set of Interrogatories, Plaintiffs requested the following: (1) that Defendant "identify any or all exclusions from the Fair Labor Standards Act and any supporting legal opinions," Plaintiffs' Interrogatory No. 7, Exh. B at 8; (2) that Defendant provide facts that might support the motor carrier/interstate commerce exclusion to the FLSA, Plaintiffs' Interrogatory No. 11, *id.* at 9; and (3) information pertaining to Defendant's failure to pay overtime wages. *See id.* at 7–11. Plaintiffs' Request for Production requested, among other items, all documents that might support the claim that Plaintiffs were "exempt from the payment of overtime wages," Request for Production No. 10, Exh. C at 8, and all documents that might support the claim that Plaintiffs and Defendant were engaged in interstate commerce. Request for Production No. 31, *id.* at 12.

Plaintiffs maintain that the above-mentioned discovery requests made it "facially apparent" that Plaintiffs asserted claims under the FLSA. In its Answer to Interrogatory No. 7, Defendant objected on the ground that "[t]here is no claim in Plaintiffs' lawsuit that Defendant violated the Fair Labor Standards Act." Exh. D at 5. Based on this and other similar responses, Plaintiffs conclude that "Defendant expressly recognized in its Objections and Answers to Plaintiffs' First Set of Interrogatories and Requests for Production that Plaintiffs may be asserting a claim under FLSA." Motion to Remand ¶ 22. The Court does not draw the same conclusion. At best, the discovery materials cited by Plaintiffs show that they were considering FLSA claims. Even assuming that Plaintiffs' discovery requests suggested that FLSA claims lurked somewhere in their Original Petition, Defendant's responses evidence its express denial that Plaintiffs had asserted such claims. Defendant maintains that it objected to the requests on the ground that they were irrelevant to Plaintiffs' claims of breach of contract, fraud, and conspiracy, and that any discovery into FLSA claims would be improper because no claims had been asserted under the statute. Plaintiffs did nothing in response to Defendant's objections to indicate that they did in fact assert claims under the FLSA. Indeed, Plaintiffs' First Amended Petition added state-law claims for promissory estoppel and quantum meruit, but it did not add claims under the FLSA. The Court cannot and will not infer the statement of FLSA claims from Defendant's *denial* that such claims were asserted and Plaintiffs' silence in response thereto.

In addition, Defendant correctly notes that, at the time the discovery requests

allegedly provided notice of removability, a prior decision of this Court precluded removal of FLSA claims. *See Lopez,* 111 F.Supp.2d at 867. Accordingly, not until May 19, 2003, when the Supreme Court handed down its decision in *Breuer,* did the legal possibility of FLSA removal to this Court exist. Plaintiffs' contentions to the contrary notwithstanding, the actual possibility of removal of Plaintiffs' case did not arise until September 8, 2003, the date Plaintiffs filed their Second Amended Original Petition asserting claims under the Fair Labor Standards Act. Defendant filed its Notice of Removal in this Court on September 12, 2003, well within the thirty-day limit set out by § 1446. Accordingly, the Court finds that Defendant filed its Notice of Removal in a timely manner, and Plaintiffs' Motion to Remand must be **DENIED**.

IV. Conclusion

For the above-stated reasons, the Court finds that Defendant properly removed this case from the 23rd Judicial District Court of Brazoria County, Texas. Accordingly, Plaintiffs' Motion to Remand is hereby **DENIED**. Each Party is to bear its own taxable costs, attorney's fees, and expenses incurred herein to date.

**IT IS SO ORDERED**